DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner-Appellant, Bruce A. Bower ("Bower"), is appealing a decision of the Ross County Court of Common Pleas upholding his reclassification as a Tier III sex offender and the registration and notification requirements resulting from his reclassification. Bower argues that R.C. Chapter 2950, as amended by AmSub. S.B. No. 10 ("S.B. 10"), is unconstitutional because it violates the separation of powers doctrine, the prohibition against retroactive laws, the prohibition against ex post facto laws, the Double Jeopardy Clauses of the United States and Ohio constitutions and the Contract Clause of the Ohio Constitution. *Page 2 
Because the statute as amended is not unconstitutional, we affirm the trial court's judgment.
 I. FACTS {¶ 2} In August 2005, the Fairfield County Court of Common Pleas found Bower guilty of three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). The court sentenced Bower to three years in prison on the first two counts and ordered him to serve the sentences consecutively. With respect to the third count, the trial court ordered Bower to serve five years of community control following his release from prison. The court also classified Bower as a sexual predator.
 {¶ 3} In November 2007, the Ohio Attorney General's Office notified Bower that he had been reclassified as a Tier III sex offender, which required him to register with the local sheriffs office every ninety days for life and subjected him to the community notification provisions of R.C. 2950.11. In accordance with R.C. 2950.032(E), Bower filed a petition with the Ross County Court of Common Pleas challenging his reclassification.[1] The trial court considered Bower's petition and denied it. Bower now appeals the trial court's judgment, assigning a single assignment of error for our review: *Page 3 
 I. "THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION TO CHALLENGE THE RECLASSIFICATION OF HIS STATUS AS A SEXUAL PREDATOR AND IN FINDING THAT REVISED CODE CHAPTER 2950, AS AMENDED BY SENATE BILL 10, IS UNCONSTITUTIONAL."
 II. ANALYSIS {¶ 4} Although Bower submits only one assignment of error for us to consider, he offers several arguments in support. However, we recently addressed and rejected most of Bower's constitutional challenges to amended R.C. Chapter 2950 in State v. Netherland, Ross App. No. 08CA3043, 2008-Ohio-7007. In Netherland, we looked at the relevant history of R.C. Chapter 2950 and the revisions imposed by S.B. 10. We concluded that the amended statutory provisions did not violate the Double Jeopardy Clauses of either the United States or the Ohio Constitutions, the separation of powers doctrine, the prohibition against retroactive laws, or the Contract Clause of the Ohio Constitution. In doing so, we reviewed prior decisions from the Supreme Court of Ohio relating to former R.C. Chapter 2950 and more recent decisions from other courts of appeals that have considered S.B. 10's revisions.
 {¶ 5} We will therefore limit our discussion here to whether the modification of Bower's sexual offender classification violates the prohibition against ex post facto laws. Bower argues that the changes to R.C. Chapter 2950 transform the sexual offender classification system from one that was narrowly tailored to address a specific problem, to one that is punitive in nature. He maintains that the *Page 4 
burdens S.B. 10 imposes "are historically regarded as punishment" and "operate as affirmative disabilities or restraints." We disagree.
 A. STANDARD OF REVIEW {¶ 6} Statutes enjoy a strong presumption of constitutionality. "`An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" State v. Cook, 83 Ohio St.3d 404, 409,1998-Ohio-291, quoting State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, paragraph one of the syllabus. The presumption of constitutionality "`cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution.'" Cook at 409, quotingXenia v. Schmidt (1920), 101 Ohio St. 437, paragraph two of the syllabus.
 {¶ 7} "Section 10, Article I of the United States Constitution reads, `No State shall * * * pass any * * * ex post facto law.' `Ex postfacto' literally means `[a]fter the fact; by an act or fact occurring after some previous act or fact, and relating thereto * * *.' Black's Law Dictionary (6 Ed. 1990) 581. * * *
 {¶ 8} "The purpose of the Ex Post Facto Clause is to ensure that legislative acts `give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.'Weaver v. Graham (1981), 450 U.S. 24, 28-29. *Page 5 
The clause also prevents the legislature from abusing its authority by enacting arbitrary or vindictive legislation aimed at disfavored groups. See Miller v. Florida (1987), 482 U.S. 423." (Emphasis sic and parallel citations omitted.) Cook at 414-415.
 {¶ 9} Because the Ex Post Facto Clause only applies to criminal statutes, "[c]ourts have used the `intent-effects' test to delineate between civil and criminal statutes for the purpose of an ex postfacto analysis of sex offender registration and notification statutes." (Emphasis sic.) Cook at 415. First, the court must determine whether the legislature intended for the statute to be non-punitive or punitive. Id. Second, if the legislature intended for the statute to be non-punitive, the court must then decide whether it is so punitive in nature that the statute's purpose or effect negates the legislature's intent. Id. When determining whether a statute is punitive in nature, a court should consider:
 "`[w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment-retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned * * *.' (Footnotes omitted.)"
Cook at 418, quoting Kennedy v. Mendoza-Martinez (1963), 372 U.S. 144,168-169. *Page 6 
 B. FORMER R.C. CHAPTER 2950 {¶ 10} In Cook, the Supreme Court of Ohio considered, among other things, whether former R.C. Chapter 2950 violated the prohibition against ex post facto laws. The Court first found that "the General Assembly's purpose behind R.C. Chapter 2950 [was] to promote public safety and bolster the public's confidence in Ohio's criminal and mental health systems." Cook at 417. "Thus, [former] R.C. Chapter 2950, on its face, clearly [was] not punitive because it [sought] to `protect the safety and general welfare of the people of this state,' which is a `paramount governmental interest.' R.C. 2950.02(B) and (A)(2)."Cook at 417.
 {¶ 11} The Supreme Court next focused on whether the effect of former R.C. Chapter 2950 was so punitive either in purpose or effect as to negate the General Assembly's stated intention. The Court noted that the inconvenience of registration was a de minimus administrative requirement. Cook at 418. And although the dissemination of registration information could have a detrimental effect on an offender, "whether a sanction constitutes punishment is not determined from the defendant's perspective, as even remedial sanctions carry the `sting of punishment.'" (Citations omitted.) Id. Accordingly, former R.C. Chapter 2950 imposed no new affirmative disability or restraint. Cook at 418.
 {¶ 12} The Court also observed that registration requirements had "long been a valid regulatory technique with a remedial purpose[,]" and "the importance of public access prevail[ed] over the detrimental effect that the release of derogatory *Page 7 
information may have on a defendant." Id. at 418-419. Furthermore, there was no scienter requirement because failing to register, by itself, was sufficient to trigger criminal punishment under the statute. Id. at 419-420.
 {¶ 13} When discussing whether former R.C. Chapter 2950 promoted the traditional aims of punishment-retribution and deterrence, the Court concluded that the registration and notification requirements did not seek vengeance, but instead had a "remedial purpose of collecting and disseminating information to relevant persons to protect the public from registrants who may reoffend." Cook at 420. With respect to deterrence, the Court found that the registration and notification requirements, by themselves, did not act as deterrents, and even if there was some deterrent effect, the effect was remedial in nature and not punitive. Id.
 {¶ 14} Additionally, the Supreme Court found that any punishment resulting from a failure to register was a new violation of the statute and not a consequence of the past sex offense. Id. at 420-421. "In other words, the punishment [was] not applied retroactively for an act that was committed previously, but for a violation of the law committed subsequent to the enactment of the law." Id. at 421.
 {¶ 15} Finally, the Court concluded that the purpose of former R.C. Chapter 2950 was to protect the general public from released sex offenders, and the registration and notification requirements were narrowly tailored to the danger sex offenders present to the public and were not excessive in relation to that purpose. Cook at 421-422. As a result, there was an alternate remedial purpose that could *Page 8 
be rationally assigned to former R.C. Chapter 2950 that was not excessive in relation to that purpose. Cook at 421-422.
 {¶ 16} Although the guidelines set out in Kennedy, supra, were not exhaustive or dispositive, the Court determined that there was no clear proof that former R.C. Chapter 2950 was punitive in its effect.Cook at 423. Accordingly, the registration and notification provisions of former R.C. Chapter 2950 did not violate the Ex Post Facto Clause because its provisions served the remedial purpose of protecting the public. Cook at 23.
 C. S.B. 10 {¶ 17} In reviewing S.B. 10, we must presume that the General Assembly knew of the Supreme Court's decision in Cook when in enacted the amendments. State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio4824, at ¶ 22. Moreover, our analysis of the amended statutory provisions must recognize Cook and its rejection of ex post facto claims in relation to former R.C. Chapter 2950. Ferguson at ¶ 21.
 {¶ 18} The Supreme Court has consistently held that R.C. Chapter 2950
is remedial. Ferguson at ¶ 29. And although S.B. 10 strengthened the registration and notification requirements and lengthened the registration periods for most offenders, we do not believe the Supreme Court would view the amended provisions any differently than it did former R.C. Chapter 2950. The changes do not clearly indicate thatCook is no longer controlling or that S.B. 10 has *Page 9 
transformed Ohio's sexual offender classification system from remedial in nature to punitive.
 III. CONCLUSION {¶ 19} We conclude that because amended R.C. Chapter 2950 is remedial and not punitive, it does not violate the Ex Post Facto Clause of the United States Constitution. Other courts that considered this issue have reached a similar conclusion. See In re D.S., Allen App. No. 1-07-58,2008-Ohio-3234; In re G.E.S., Summit App. No. 24079, 2008-Ohio-4076;State v. Byers, Columbiana App. No. 07 CO 39, 2008-Ohio-5051.
 {¶ 20} As such, Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Respondent-Appellee recover of Petitioner-Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] R.C. 2950.031 provides that an offender who wishes to challenge his reclassification must file the petition in the court of common pleas of the county in which the offender resides or temporarily is domiciled. *Page 1