MEMORANDUM DECISION AND JUDGMENT ENTRY
{¶ 1} William Shinkle appeals from the trial court's decision rejecting his arguments that recent amendments to Ohio's classification system and registration requirements for certain sexual offenders are unconstitutional. Shinkle contends the amendments found in Am. Sub. S.B. No. 10 (S.B. 10) violate the doctrine of separation of powers, the prohibitions against ex post facto and retroactive laws, and his right to due process. However, we have recently examined these identical issues in the same context presented by Shinkle and rejected his position in each instance. Accordingly, we choose not to revisit each constitutional question and rely upon our prior decisions in overruling Shinkle's assignments of error. *Page 2 
 I. Facts {¶ 2} In 1995, Shinkle pled no contest and the trial court found him guilty of one count of felonious sexual penetration. While still imprisoned on this charge in 2006, he was classified as a Sexually Oriented Offender under R.C. Chapter 2950. Subsequently in November of 2007, Shinkle received notice from the Ohio Attorney General informing him that he had been reclassified as a Tier III sex offender based on the amendments to R.C. Chapter 2950 imposed by S.B. 10, the relevant sections becoming effective July 1, 2007. Shinkle then requested a hearing in the Ross County Court of Common Pleas.[1] The trial court conducted a hearing where Shinkle argued the new reclassification system and registration requirements were unconstitutional. After receiving four exhibits and hearing the arguments from Shinkle and the State, the court rejected Shinkle's arguments and found the amendments in Senate Bill 10 to be constitutional. This appeal followed.
 II. Disposition {¶ 3} Shinkle argues the provisions of S.B. 10 are unconstitutional. Because statutes are presumed constitutional, Shinkle has the burden of establishing beyond a reasonable doubt that the statute is in effect unconstitutional. State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824, at ¶ 12. And because the determination of a statute's constitutionality presents a question of law, we review the merits of that question on a de novo basis.
 {¶ 4} We have recently reviewed a number of appeals by inmates from the same institution as Shinkle. Each of them raised the same issues we find here. All of *Page 3 
the appeals, including Shinkle's, claimed that legislative changes to the classification system and/or registration requirements amount to an improper intrusion into judicial function, and thus violate the doctrine of separation of powers. We expressly rejected these arguments inState v. Netherland, Ross App. No. 08CA3043, 2008-Ohio-7007, State v.Randlett, Ross App. No. 08CA3046, 2009-Ohio-112, State v. Bower, Ross App. No. 08CA3047, 2009-Ohio-201, State v. Messer, Ross App. No. 08CA3050, 2009-Ohio-312, and State v. Linville, Ross App. No. 08CA3051,2009-Ohio-313.
 {¶ 5} Several of the prior cases also attacked the provisions of S.B. 10 as implicating the United States Constitution's prohibition of ex post facto laws and the Ohio Constitution's prohibition against retroactive laws. Again, we rejected these attacks because amended R.C. Chapter 2950 remains civil and remedial in nature, rather than criminal and punitive. See, Messer, Linville, Bower and Randlett.
 {¶ 6} Finally, on the basis that the appellants lacked standing, we rejected the contention that the residency requirements in S.B. 10 effectively denied the inmates due process of law. Shinkle's argument in this regard is identical to those we rejected in Messer, Linville,Randlett, and Netherland.
 {¶ 7} Because we see no reason to revisit or deviate from our recent decisions on these issues, we reject Shinkle's constitutional challenges based upon the rationale expressed in those cases. Thus, we conclude Shinkle has failed to establish beyond a reasonable doubt that the provisions he contests in S.B. 10 are unconstitutional.
 JUDGMENT AFFIRMED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] R.C. Chapter 2950 permits an offender to challenge his reclassification in the court of common pleas in the county where the offender resides or is domiciled. *Page 1