DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner-Appellant, David Netherland, appeals from the decision of the Ross County Court of Common Pleas rejecting his challenge to the reclassification of his status as a sexual offender and the new registration requirements imposed under Chapter 2950 of the Ohio Revised Code. Because the statute as amended by Senate Bill 10 does not violate the Double Jeopardy Clause, the Due Process Clause, the Separation of Powers *Page 2 
Doctrine, the Retroactivity Clause, or the Contract Clause of the Ohio Constitution, we reject Appellant's constitutional challenges. Accordingly, we affirm the trial court's entry.
 I. FACTS {¶ 2} In December 1997, Appellant was found guilty of one count of rape in violation of R.C. 2907.02(A) and one count of sexual battery in violation of R.C. 2907.03. The Hamilton County Court of Common Pleas sentenced Appellant to an indefinite term of imprisonment of seven to twenty-five years on the rape count and a definite term of imprisonment of two years on the sexual battery count. The trial court also classified Appellant as a sexually oriented offender.
 {¶ 3} In December 2007, the Ohio Attorney General's Office notified Appellant, pursuant to the amended version of R.C. Chapter 2950, that he had been reclassified as a Tier III sex offender and would be subject to registration every ninety days for the remainder of his life and to the community notification provisions of Section 2950.11. Thereafter, Appellant filed a petition to contest his reclassification, as well as the registration requirements and community notification provisions, in the Ross County Court of Common Pleas.[1] The trial court rejected Appellant's *Page 3 
constitutional challenges to R.C. Chapter 2950. Appellant filed a timely appeal, assigning the following error:
 II. ASSIGNMENT OF ERROR
I. "THE LOWER COURT ERRED TO THE PREJUDICE OF APPELLANT AS A MATTER OF FACT AND LAW."
 III. LEGAL ANALYSIS {¶ 4} Although Appellant assigns only one error, he makes several arguments in support of this sole assignment of error. We address each argument separately. However, first we examine the relevant history of Revised Code Chapter 2950.
 A. Relevant History of R.C. Chapter 2950 {¶ 5} On July 27, 2006, President George W Bush signed the Adam Walsh Act into law. To implement the Adam Walsh Act and comply with the federal legislation, the Ohio General Assembly passed Senate Bill 10 which, among other things, modified R.C. Chapter 2950 — the sexual offender classification system in Ohio. Senate Bill 10 amended certain statutes, repealed others, renumbered some sections and added new sections, resulting in changes to large portions of the chapter. Portions of Senate Bill 10 went into effect on July 1, 2007, while others became effective on January 1, 2008. *Page 4 
 {¶ 6} Under the pre-Senate Bill 10 statutory scheme, an offender who committed a sexually oriented offense that was not registry exempt could be labeled a sexually oriented offender, a habitual sexual offender, or a sexual predator, depending on the crime committed and the findings by the trial court at the sexual classification hearing. Each classification carried registration and notification requirements of varying degrees. A sexually oriented offender was required to register once annually for 10 years with no community notification requirement; a habitual sexual offender was required to register every 180 days for 20 years and the community notification could occur every 180 days for twenty years; and a sexual predator was required to register every 90 days for life and community notification could occur every 90 days for life.
 {¶ 7} Under Senate Bill 10, the labels of sexually oriented offender, habitual sexual offender and sexual predator are no longer used and the registration requirements have been lengthened. An offender who commits a sexually oriented offense is now found to be either a "sex offender" or a "child-victim offender." Depending on the crime committed, the offender is placed in Tier I, Tier II or Tier III. The tiers determine the registration and notification requirements with Tier I being the lowest tier. Tier I requires registration once annually for 15 years, but there are no community *Page 5 
notification requirements. Tier II requires registration every 180 days for 25 years, but also without community notification requirements. Tier III is the highest tier and similar to the previous sexual predator finding. It requires registration every 90 days for life and community notification may occur every 90 days for life. An offender who is convicted of violating R.C. 2907.02 or 2907.03 is classified as a Tier III sex offender.
 {¶ 8} Under R.C. 2950.032 and R.C. 2950.031, the Ohio Attorney General was to establish the new tier classification for each offender at any time after July 1, 2007, but no later than December 1, 2007. A registered letter detailing the offender's new classification and notifying the offender of the right to a court hearing to contest the application of the new statute was to be sent to the offender. If the offender failed to request a hearing within sixty days of receipt of the letter, the failure constituted a waiver of the hearing and the offender "[was] bound by the determinations of the attorney general contained in the registered letter sent to the offender * * *." R.C. 2950.031(E) and R.C. 2950.032(E).
 B. Law Regarding Constitutional Challenges {¶ 9} We note that Appellant's arguments all raise constitutional challenges to Senate Bill 10. Statutes enjoy a strong presumption of constitutionality. State v. Cook, 83 Ohio St.3d 404, 409, 1998-Ohio-291, *Page 6 700 N.E.2d 570, citing State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, 128 N.E.2d 59. That presumption "cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." Cook at 409, quoting Xenia v. Schmidt (1920),101 Ohio St. 437, 130 N.E. 24, at paragraph two of the syllabus. Thus, when addressing Appellant's legal arguments, we are cognizant of the strong presumption of constitutionality.
 C. Double Jeopardy Clause {¶ 10} First, Appellant argues that the modification in his sexual offender classification violates the Ohio Constitution's Double Jeopardy Clause.[2]
 {¶ 11} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through theFourteenth Amendment, prohibits an accused form being "tried twice for the same offense." Section 10, Article I of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense."
 {¶ 12} The Double Jeopardy Clause is commonly understood to prevent the second prosecution of an individual for the same offense. State v.Williams, 88 Ohio St.3d 513, 527, 2000-Ohio-428, 728 N.E.2d 342. *Page 7 
However, the United States Supreme Court has held that the clause also prevents a state from punishing twice, or attempting to punish twice, for the same offense. Id., citing Kansas v. Hendricks (1997),521 U.S. 346, 369, 117 S.Ct. 2072, 138 L.Ed.2d 501; Witte v. United States
(1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 132 L.Ed.2d 351. The initial question in a double jeopardy analysis is whether the government's conduct involves criminal punishment. Williams at 528, citing Hudson v.United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 139 L.Ed.2d 450.
 {¶ 13} In Williams, the Supreme Court of Ohio rejected the argument that former R.C. Chapter 2950 violated the Double Jeopardy Clause. The Court explained that, since the chapter was deemed remedial and not punitive in State v. Cook, 83 Ohio St.3d 404, 409, 1998-Ohio-291,700 N.E.2d 570, it could not violate the Double Jeopardy Clause:
 This court, in Cook, addressed whether R.C. Chapter 2950 is a "criminal" statute, and whether the registration and notification provisions involved "punishment." Because Cook held that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. We dispose of the defendant's argument here with the holding and rationale stated in Cook.
Williams, 88 Ohio St.3d at 528. See, also, State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 31. *Page 8 
 {¶ 14} Likewise, we conclude that Revised Code Chapter 2950 as modified by Senate Bill 10 is remedial and not punitive. Although Senate Bill 10 strengthened the registration and community notification provisions of Chapter 2950 and lengthened the registration periods for most offenders, we are not convinced that the Ohio Supreme Court would view the issues of criminality and punishment as applied to Chapter 2950 in the Cook and Williams decisions any differently with regard to the provisions of Senate Bill 10. In re Smith, Allen App. No. 01-07-58,2008-Ohio-3234, at ¶ 38; State v. Byers, Columbiana App. No. 07CO39, 2008-Ohio-5051, at ¶ 103; Slagle v. State, 145 Ohio Misc.2d 98,2008-Ohio-593, 884 N.E.2d 109, at ¶¶ 51-54.
 {¶ 15} We conclude that R.C. Chapter 2950 as amended by Senate Bill 10 does not violate the Double Jeopardy Clause of either the United States or the Ohio Constitution as it does not impose criminal punishment on an offender.
 D. Due Process Clause {¶ 16} Next, Appellant contends that Senate Bill 10 violates the Due Process Clause of the Ohio Constitution.
 {¶ 17} The right to procedural due process is found in theFourteenth Amendment to the United States Constitution and Section 16, Article I of the *Page 9 
Ohio Constitution. To trigger protections under these clauses, a sex offender must show that he was deprived of a protected liberty or property interest as a result of the registration requirement. SeeSteele v. Hamilton Cty. Community Mental Health Bd., 90 Ohio St.3d 176,181, 2000-Ohio-47, 736 N.E.2d 10. Although due process is "`flexible and calls for such procedural protections as the particular situation demands,'" Mathews v. Eldridge (1976), 424 U.S. 319, 332, 96 S.Ct. 893,47 L.Ed.2d 18, quoting Morrissey v. Brewer (1972), 408 U.S. 471, 481,92 S.Ct. 2593, 33 L.Ed.2d 484, the basic requirements of this clause are notice and an opportunity to be heard. State v. Hochhausler,76 Ohio St.3d 455, 459, 1996-Ohio-374, 668 N.E.2d 457.
 {¶ 18} Appellant argues that he has been wrongfully deprived of the property and liberty interest of registering as a sexually oriented offender for only ten years rather than as a Tier III sex offender for a lifetime. He cites Doe v. Dept. of Public Safety (Ak. 2004),92 P.3d 398, in support of his argument.
 {¶ 19} In Doe, the Alaska Supreme Court held that a defendant whose conviction of a sex offense had been set aside could not be required to register as a sex offender. The court reasoned that once the conviction had been set aside, the defendant no longer had the status of a convicted person. *Page 10 
Id. at 408. The court also found that the set aside order gave rise to protected liberty interests under the Alaska Constitution that would be violated by requiring the defendant to register as a sex offender. Id at 408-409.
 {¶ 20} The facts in Doe are clearly distinguishable from the facts before us. First, Doe was decided based upon a strict interpretation of the Alaska Constitution. Second, and more importantly, the defendant's conviction of a sexual offense in Doe had been set aside. Here, Appellant's conviction has not been set aside. In Cook, the Ohio Supreme Court held that a convicted felon has no reasonable expectation that his or her criminal conduct will not be subject to future legislation.83 Ohio St.3d at 412. Therefore, the Supreme Court of Ohio concluded that a former version of R.C. Chapter 2950 could be applied to sex offenders who committed their crimes before the legislation took effect. Id. Similarly, Appellant — a convicted felon — had no reasonable expectation that his criminal conduct would not be subject to future versions of Chapter 2950. Cook holds that convicted sex offenders have no "settled expectations" or vested rights as to the registration obligations imposed upon them. Therefore, Appellant has not demonstrated that he was deprived of any protected liberty or property interest arising from a settled expectation regarding his previously imposed *Page 11 
registration obligation.
 {¶ 21} Appellant also contends that the State violated his procedural due process rights by changing his sex offender status without first affording him a hearing. In State v. Hayden, 96 Ohio St.3d 211, 214,2002-Ohio-4169, 773 N.E.2d 502, the Supreme Court of Ohio held that the imposition of a sex offender registration requirement on a defendant without holding a hearing did not deprive the defendant of any protected liberty interest. Based on this holding, the State was not required to afford Appellant a hearing before statutorily changing his sex offender status to Tier III. Moreover, Appellant was afforded a hearing to contest the application of the new statute to him.
 {¶ 22} Appellant has not demonstrated that Senate Bill 10 violated his Due Process rights.
 E. Separation of Powers Doctrine {¶ 23} Appellant argues that Senate Bill 10 violates the Separation of Powers Doctrine by divesting the judiciary branch of its power in three ways: (1) by legislatively overturning final court and administrative adjudications; (2) by requiring the Attorney General, an executive branch official, to effectively overrule final court judgments and administrative orders adjudicating individuals like Appellant low-risk offenders and limiting their registration terms to ten years; and (3) by requiring the *Page 12 
Attorney General, an executive branch official, to impose criminal punishment.
 {¶ 24} The Constitution distributes the legislative power to the General Assembly, the executive power to the Governor, and the judicial power to the courts. Each branch acts as a check and balance on the other branches. The power and duty of the judiciary to determine the constitutionality and, therefore, the validity of the acts of the other branches of government has been firmly established as an essential feature of the Ohio system of separation of powers. State ex rel. OhioAcademy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 462,1999-Ohio-123, 715 N.E.2d 1062, citing Beagle v. Walden,78 Ohio St.3d 59, 62, 1997-Ohio-234, 676 N.E.2d 506. A statute that violates the separation of powers is unconstitutional. Sheward at 475.
 {¶ 25} We find no violation of the separation of powers principle in Senate Bill 10. As the common pleas court in Slagle stated:
 In the case at bar, the General Assembly has not abrogated final judicial decisions without amending the underlying applicable law. See, e.g., United States v. Gardner (N.D.Cal. 2007), 523 F.Supp.2d 1025. Instead, the Assembly has enacted a new law, which changes the different sexual offender classifications and time spans for registration requirements, among other things, and is requiring that the new procedures be applied to offenders currently registering under the old law or *Page 13 
offenders currently incarcerated for committing a sexually oriented offense. Application of this new law does not order the courts to reopen a final judgment, but instead simply changes the classification scheme. This is not an encroachment on the power of the judicial branch of Ohio's government.
145 Ohio Misc.2d 98 at ¶ 21. See, also, In re Smith, supra, at ¶ 39.
 {¶ 26} We agree with this reasoning and conclude that Senate Bill 10 does not violate the separation of powers doctrine by affording judicial power to the executive or legislative branch.
 F. Retroactivity Clause {¶ 27} Next, Appellant alleges that Senate Bill 10 violates the Retroactivity Clause of the Ohio Constitution.
 {¶ 28} The Retroactivity Clause in the Ohio Constitution is found in Article II, Section 28. It provides that "[t]he general assembly shall have no power to pass retroactive laws." In Cook, the defendant argued that the previous R.C. Chapter 2950 violated the Retroactivity Clause and the Ohio Supreme Court rejected the claim. We turn to that decision for guidance.
 {¶ 29} The Court first explained that R.C. 1.48 dictates that statutes are presumed to apply only prospectively unless specifically made retroactive. Cook at 410. Therefore, before determining whether RC. Chapter 2950 can be constitutionally applied retroactively, we must first determine whether the *Page 14 
General Assembly specified that the statute be applied retroactively. Id., citing Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 522 N.E.2d 489, at paragraph one of the syllabus.
 {¶ 30} It is apparent that portions of Senate Bill 10 were intended to apply retroactively. Pursuant to the new version of R.C. 2950.01, sex offender classifications under the new law are applicable to a sex offender who "is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to" certain sexually oriented offenses. See, also, R.C. 2950.03(A); R.C. 2950.03(A)(1) ("[r]egardless of when the person committed the sexually oriented offense * * * if the person is an offender who is sentenced to a prison term * * * and if on or after January 1, 2008, the offender is serving that term or is under that confinement * * *"); R.C. 2950.031; R.C. 2950.032(A) and (B) (applying provisions to incarcerated individuals who were sentenced before Senate Bill 19 was drafted and effective). The legislature has specifically made the new version of Chapter 2950 retroactive as it applies to offenders who have been found guilty of or pleaded guilty to certain offenses prior to the enactment of the new law.
 {¶ 31} As we have concluded that the tier system applies retroactively, we must now determine whether this violates the Retroactivity Clause. The Ohio Supreme Court explained that the test for this determination is whether *Page 15 
R.C. Chapter 2950 is substantive or remedial. Cook at 410, citingVan Fossen at paragraph three of the syllabus. The difference between substantive and remedial statutes:
 A statute is "substantive" if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligation, or liabilities as to a past transaction, or creates a new right. Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right. A purely remedial statute does not violate Section 28, Article II of the Ohio Constitution, even if applied retroactively. Further, while we have recognized the occasional substantive effect, we have found that it is generally true that laws that related to procedures are ordinarily remedial in nature.
Cook at 411 (internal citations omitted).
 {¶ 32} In Cook, the Supreme Court of Ohio concluded that the registration and verification provisions of the 1997 version of R.C. Chapter 2950 were remedial in nature. In reaching this conclusion, the Court noted that many of the requirements of Chapter 2950 were directed at officials rather than offenders and that the registration and address verification provisions directed toward offenders were de minimis procedural requirements that were necessary to achieve the goals of the chapter, to protect the public. Cook at 412-413. *Page 16 
 {¶ 33} There are clearly differences between the 1997 version of R.C. Chapter 2950 and the Senate Bill 10 version. The Senate Bill 10 version is arguably more burdensome and extends the periods of registration. However, Cook is controlling law and we are bound to follow it. The Supreme Court of Ohio has continued to find that sex offender classifications are civil, not criminal, in nature. Therefore, Senate Bill 10 is remedial and does not violate Ohio's Retroactivity Clause. See, also, State v. Byers, Columbiana App. No. 07CO39, 2008-Ohio-5051, at ¶¶ 56-69; Slagle, supra, at ¶¶ 23-40.
 {¶ 34} We reject Appellant's contention that Senate Bill 10 violates the Retroactivity Clause of the Ohio Constitution.
 G. Contract Clause {¶ 35} Finally, Appellant argues that Senate Bill 10 violates the Ohio Constitution's Contract Clause because Appellant signed an agreement for the sexually oriented offender designation and his reclassification to Tier III violates that agreement.
 {¶ 36} Section 28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass * * * laws impairing the obligation of contracts." The Contract Clause of the Federal Constitution similarly provides that "[n]o state shall * * * pass any * * * law impairing *Page 17 
the obligation of contracts." Section 10, Article I, United States Constitutions.
 {¶ 37} Plea agreements are contracts between the state and criminal defendants and are subject to contract law principles. See State v.Adkins, 161 Ohio App.3d 114, 118, 2005-Ohio-2577, 829 N.E.2d 729
(citations omitted). "Accordingly, if one side breaches the agreement, the other side is entitled to either rescission or specific performance of the plea agreement." State v. Walker, Lucas App. No. L-05-1207,2006-Ohio-2929, at ¶ 13, citing Santobello v. New York (1971),404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427. The elements of a breach of contract claim include the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.Jarupan v. Hanna, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, at ¶ 18.
 {¶ 38} Here, Appellant has not established the existence of a plea agreement between himself and the State. Additionally, he has not cited the details of any such plea agreement. Therefore, we have no way of determining whether the State breached any part of a plea agreement.
 {¶ 39} Further, even assuming a plea agreement exists, "[o]nce [the petitioner] pled guilty [to the offense charged] and the trial court sentenced him, both [the petitioner] and the State had performed their respective *Page 18 
parts of the plea agreement. Consequently, no action by the State after this date could have breached the plea agreement." State v. Pointer, Cuyahoga App. No. 85195, 2005-Ohio-3587, at ¶ 9, citing State v. McMinn (June 16, 1999), Medina App. No. 2927-M.
 {¶ 40} There is no evidence that the State promised Appellant that his registration duties as a sex offender would be for a particular time period or for a particular frequency. Further, "the prosecution, as a member of the executive branch, could not enter into any agreement that would abrogate the right of the Ohio legislature to revise the classification scheme." Slagle at ¶ 60. And finally, any plea agreement between the State and Appellant has already been performed by each party. Id.
 {¶ 41} Therefore, we conclude that Senate Bill 10 does not violate the Contract Clause of either the Ohio or the United States Constitution because there is no evidence that the legislation has caused the State to breach any contract with Appellant.
 IV. Conclusion {¶ 42} We find no merit in any of Appellant's constitutional challenges to Senate Bill 10. Therefore, we overrule his sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 19 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concurs in Judgment and Opinion.
[1] Apellant is serving his sentence in the Chillicothe Correctional Institute in Ross County.
[2] Although Appellant makes his arguments only under the Ohio Constitution, we also consider the claims under the United States Constitution because the analysis is generally the same. *Page 1