DECISION AND JUDGMENT ENTRY
{¶ 1} Benjamin Sewell appeals the trial court's order overruling his five challenges under the Ohio Constitution to his reclassification as a Tier III Sex Offender under R.C. Chapter 2950, as amended by Senate Bill 10 ("SB 10"). On appeal, Sewell contends that SB 10 violates the prohibition against retroactive laws contained in the Ohio Constitution. Because R.C. Chapter 2950 remains civil in nature, and not punitive, we disagree. Sewell next contends that SB 10 violates the due process clause set forth in Ohio's Constitution because he had a substantive right and settled expectation in his previous classification. Because Sewell had no settled expectation regarding his registration obligations in his previous classification, we disagree. Sewell next contends that his reclassification constitutes multiple punishments in violation of the Double Jeopardy Clause of the Ohio Constitution. Again, because SB 10 remains civil in *Page 2 
nature, we disagree. Next, Sewell contends that SB 10 violates the separation of powers contained in the Ohio Constitution. Because SB 10 does not impose on the power of the judiciary, we disagree. Finally, Sewell contends that SB 10 impairs a contract between himself and the state of Ohio, which is contrary to the Ohio Constitution. Because SB 10 does not impair any vested rights of Sewell, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In June 2006, Sewell was convicted of two counts of rape, in violation of R.C. 2907.02(A)(1)(b), in Washington County, Ohio. According to Sewell, the trial court classified him as a sexually oriented offender under the previous sex offender classification scheme. However, on December 27, 2007, while incarcerated by the state of Ohio in Ross County, Ohio, Sewell received a NOTICE OF NEW CLASSIFICATION AND REGISTRATION DUTIES from the Office of the Ohio Attorney General. The notice stated that he has been reclassified as a Tier III sex offender pursuant to SB 10, effective January 1, 2008.
 {¶ 3} In January 2008, Sewell filed a petition to contest his reclassification as a Tier III sex offender, pursuant to R.C. 2905.031(E). Sewell moved for the appointment of counsel to represent him during the reclassification hearing and moved for immediate relief from the community notification requirement set forth in SB 10. The trial court denied Sewell's request for counsel. Following a hearing in which neither Sewell nor the state presented any evidence, the trial court overruled Sewell's constitutional challenges to SB 10 and found that "none of the factors set forth in 2950.11 apply to this defendant and defendant is subject to the community notification requirements of *Page 3 
2950.11 ORC."
 {¶ 4} Sewell appeals the trial court's judgment and asserts the following assignment of error: "THE LOWER COURT ERRED TO THE PREJUDICE OF APPELLANT AS A MATTER OF FACT AND LAW." Within his sole assignment of error, Sewell presents five separate constitutional challenges to SB 10. First, Sewell contends that SB 10 violates the double jeopardy clause set forth in the Ohio Constitution. Second, Sewell contends that SB 10 violates the due process clause of the Ohio Constitution. Third, Sewell contends that SB 10 violates the separation of powers doctrine. Fourth, Sewell contends that SB 10 violates the Ohio Constitution's prohibition on retroactive laws. Finally, Sewell contends that SB 10 violates the contract clause set forth in the Ohio Constitution.
 II. {¶ 5} Constitutional challenges to SB 10 present legal questions that we review de novo. See, e.g., State v. Downing, Franklin App. No. 08AP-48, 2008-Ohio-4463, ¶ 6, citing Stuller v. Price, Franklin App. No. 03AP-30, 2003-Ohio-6826, ¶ 14; State v. Green, Lawrence App. No. 07CA33,2008-Ohio-2284, ¶ 7.
 {¶ 6} We will first address Sewell's fourth constitutional challenge, wherein he contends that SB 10's retroactive application violates the Ohio Constitution's prohibition on retroactive laws.
 {¶ 7} Statutes enacted in Ohio are "presumed to be constitutional."State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 12, citingState ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas (1967), 9 Ohio St.2d 159. That presumption *Page 4 
remains until one challenging a statute's constitutionality shows, "beyond reasonable doubt, that the statute is unconstitutional." Id., citing Roosevelt Properties Co. v. Kinney (1984), 12 Ohio St.3d 7. In Ohio, "[t]he general assembly shall have no power to pass retroactive laws * * *." Section 28, Article I of the Ohio Constitution. A retroactive statute is unconstitutional if it "impairs vested substantive rights, but not if it is merely remedial in nature."Hyle v. Porter, 117 Ohio St.3d 165, 2008-Ohio-542, ¶ 7, citing State v.Consilio, 114 Ohio St.3d 295, 2007-Ohio-4163. As noted by the Supreme Court of Ohio, "Ohio retroactivity analysis does not prohibit all increased burdens; it prohibits only increased punishment."Ferguson at ¶ 39.
 {¶ 8} In determining whether a statute is unconstitutionally retroactive, courts must "first determine whether the General Assembly expressly made the statute retrospective[,]" and if so, courts must then determine "whether the statute restricts a substantive right or is remedial." Id. at ¶ 13. (Citations omitted.) In considering the first prong, we note that "[statutes are presumed to apply only prospectively unless the General Assembly specifically indicates that a statute applies retrospectively." Id. at ¶ 15, citing R.C. 1.48; Doe v.Archdiocese of Cincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 40. Typically, a statute must clearly state that it applies retroactively. Id.
 {¶ 9} This court has previously determined that the legislature intended to apply the tier classification set forth in SB 10 retroactively. See, e.g., State v. Graves, Ross App. No. 07CA3004,2008-Ohio-5763, ¶¶ 9-10; State v. Netherland, Ross App. No. 08CA3043,2008-Ohio-7007, ¶ 30; State v. Randlett, Ross App. No. 08CA3046,2009-Ohio-112; State v. Linville, Ross App. No. 08CA3051, 2009-Ohio-___;State v. *Page 5 Messer, Ross App. No. 08CA3050, 2009-Ohio-____; see, also, State v.Byers, Columbiana App. No. 07CO39, 2008-Ohio-5051, ¶¶ 59-63. Further, this court has also concluded that the SB 10 version of R.C. Chapter 2905 is civil in nature. Graves, supra; Netherland, supra;Randlett, supra; Linville, supra; Messer, supra; State v. Longpre, Ross App. No. 08CA3017, 2008-Ohio-3832, ¶ 15. We find no reason to reassess our determination at this time.
 {¶ 10} Accordingly, we overrule Sewell's fourth constitutional challenge.
 III. {¶ 11} In his first constitutional challenge, Sewell argues that SB 10 violates the double jeopardy clause set forth in Ohio's Constitution by imposing multiple punishments.
 {¶ 12} The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution ensures that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Likewise, Section 10, Article I, of the Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense." The double jeopardy clauses prevent states "from punishing twice, or from attempting a second time to criminally punish for the same offense."State v. Williams, 88 Ohio St.3d 513, 528, citing Kansas v.Hendricks, 521 U.S. 346; Witte v. United States (1995), 515 U.S. 389. As a result, "[t]he threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment." Id., citing Hudson v. United States (1997), 522 U.S. 93.
 {¶ 13} However, as we stated earlier, R.C. Chapter 2950 remains civil in nature, and *Page 6 
not punitive, following the enactment of SB 10. Thus, Sewell's contention in this regard is without merit. See Ferguson, supra;Williams, supra; Netherland, supra; Randlett, supra; Linville, supra;Messer, supra.
 {¶ 14} Accordingly, we overrule Sewell's first constitutional challenge.
 IV. {¶ 15} In his second constitutional challenge, Sewell contends that SB 10 violates the due process clause set forth in Ohio's Constitution. In this challenge, Sewell contends that he had a substantive right and settled expectation in his previous classification. In support of his argument, he cites the Alaska Supreme Court case of Doe v. State, Dept.Of Public Safety (2004), 92 P.3d 398. Ohio courts, however, have distinguished Doe because the Doe court decided the case "strictly on an interpretation of the Alaska Constitution" and because the conviction inDoe was set aside by a court before imposition of the registration requirements. State v. King, Miami App. No. 08-CA-02, 2008-Ohio-2594, ¶ 32; see, also, Netherland at ¶ 20.
 {¶ 16} In Ohio, "[e]xcept with regard to constitutional protections against ex post facto laws * * *, felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." State v. Cook, 83 Ohio St.3d 404, 412, 1998-Ohio-291, citing State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281-282. As a result, convicted sex offenders "have no reasonable expectation that [their] criminal conduct would not be subject to future versions of R.C. Chapter 2950." King at ¶ 33. Based on Cook, courts conclude that "convicted sex offenders have no reasonable `settled expectations' or vested rights concerning the registration obligations *Page 7 
imposed on them." Id. Thus, because Sewell has no settled expectation regarding his registration obligations, his reclassification as a Tier III sex offender does not deprive him of any liberty interest. Id.
 {¶ 17} This court has also overruled procedural due process challenges to SB 10, as applied retroactively. Netherland at ¶ 21, citing State v.Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169.
 {¶ 18} Accordingly, we overrule Sewell's second constitutional challenge.
 V. {¶ 19} In his third constitutional challenge, Sewell contends that SB 10 violates the separation of powers doctrine inherent in Ohio's Constitution.
 {¶ 20} Initially, it must be noted that a statute violating "the doctrine of separation of powers is unconstitutional." State ex rel.Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 475,1999-Ohio-123. "The separation-of-powers doctrine implicitly arises from our tripartite democratic form of government and recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others." State v. Thompson, 92 Ohio St.3d 584, 586, 2001-Ohio-1288, citing Zanesville v. Zanesville Tel. Telegraph Co. (1900),63 Ohio St. 442. The doctrine's purpose "is to create a system of checks and balances so that each branch maintains its integrity and independence." Id., citing State v. Hochhausler (1996), 76 Ohio St.3d 455; S. Euclid v.Jemison (1986), 28 Ohio St.3d 157.
 {¶ 21} Pursuant to the Ohio Constitution, "the General Assembly is vested with the *Page 8 
power to make laws." Id., citing Section 1, Article II, Ohio Constitution. The Ohio General Assembly is prohibited "from exercising `any judicial power, not herein expressly conferred.'" Id., citing Section 32, Article II, Ohio Constitution. Courts, on the other hand, "possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government." Id. (Citations omitted.)
 {¶ 22} Sewell first contends that SB 10 legislatively requires the Attorney General, an executive branch official, to overrule a final judicial order determining his sex offender classification. However, this court and other Ohio courts have rejected such a contention.Netherland, supra; Randlett, supra; Linville, supra; Messer, supra; see, also, In re Smith, Allen App. No. 1-07-58, 2008-Ohio-3234;Byers, supra; Slagle v. State, 145 Ohio Misc.2d 98, 2008-Ohio-593. Because Sewell's sex offender classification is nothing more than a collateral consequence arising from his criminal conduct, and because Sewell has no reasonable expectation that his "criminal conduct would not be subject to future versions of R.C. Chapter 2950," it cannot be said that SB 10 abrogates final judicial determinations.Randlett, supra; Linville, supra; Messer, supra; see also,Ferguson at ¶ 34; King at ¶ 33.
 {¶ 23} Further, SB 10 does not interfere with the judiciary's power to sentence a sex offender because it is not criminal or punitive in nature. Randlett, supra; Linville, supra; Messer, supra. See, also,Ferguson at ¶ 32 (SB 10 is not criminal or punitive in nature.);Graves, supra; Longpre, supra. Because SB 10 is civil and remedial in nature, it does not interfere with a court's power to impose a sentence. Id., see, also, State v. *Page 9 Swank, Lake App. No. 2008-L-019, 2008-Ohio-6059, ¶ 99.
 {¶ 24} Accordingly, we overrule Sewell's third constitutional challenge.
 VI. {¶ 25} In his fifth constitutional challenge to SB 10, Sewell contends that SB 10 impairs a contract between himself and the state of Ohio established at the time he entered a plea agreement with the state of Ohio and plead guilty to charges against him. Unfortunately, however, Sewell has not provided this court with the plea agreement.
 {¶ 26} We have rejected this argument previously. Randlett, supra;Linville, supra; Messer, supra. Other Ohio courts have rejected similar arguments, notably In re Gant, Allen App. No. 1-08-11, 2008-Ohio-5198, ¶¶ 22-24; State v. Desbiens, Montgomery App. No. 22489, 2008-Ohio-3375, ¶¶ 31-33; see, also, State v. Taylor, Geauga App. No. 2002-G-2441,2003-Ohio-6963, ¶ 28; State v. Paris, Auglaize App. No. 2-2000-04, 2000-Ohio-1886; State v. Harley (May 16, 2000), Franklin App. No. 99AP-374.
 {¶ 27} Based on our previous determinations with regard to this assertion, we continue to find that SB 10 does not interfere with any vested contractual right. Netherland at ¶¶ 39-41.
 {¶ 28} Accordingly, we overrule Sewell's fifth constitutional challenge.
 VIII. {¶ 29} In conclusion, having overruled all of Sewell's constitutional challenges, we overrule his sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concur in Judgment and Opinion — except for the analysis addressing retroactivity.
 Abele, J.: Concur in Judgment and Opinion. *Page 1