{¶ 10} Being unable to agree with the majority that the tolling provision contained in App. R. 4(A) does not apply and that, as a result, Clayborn's notice of appeal must be dismissed as untimely, I respectfully dissent.
 {¶ 11} During the combined plea and sentencing hearing the trial court conducted, Clayborn objected to the trial court's applying R.C. Chapter 2950, as amended by Am. Sub. S.B. No. 10 ("S.B. 10"). Clayborn contended the prior version of R.C. Chapter 2950, in effect when he committed the offense that formed the basis of his guilty plea, must be applied to his conviction. After noting the objection for the record, the trial court determined Clayborn would be classified under the new law, S.B. 10, rather than the law existing at the time Clayborn committed the offense underlying his guilty plea. In his notice of appeal to this court, Clayborn appeals his sex-offender-classification under S.B. 10; he does not appeal his criminal conviction. Relying upon State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, and State v. Furlong (Feb. 6, 2001), 10th Dist. No. 00AP-637, Clayborn argues in his notice of appeal that the App. R. 4(A) tolling provision applies in this case because sex offender classification proceedings are civil in nature.
 {¶ 12} Based upon its determination that Clayborn appeals from a criminal case, not a "civil case," the majority concludes "the App. R. 4(A) tolling provision does not extend the time for filing his appeal." (Opinion, ¶ 9.) I respectfully disagree with the majority's conclusion that the App. R. 4(A) tolling provision does not apply to extend the time for filing this appeal.
 {¶ 13} The Supreme Court of Ohio consistently has held that an offender's sexual offender classification under R.C. Chapter 2950 is civil in nature even though it arises *Page 5 
from an offender's criminal conviction. See Cook, supra (holding that the statutory scheme provided for in R.C. Chapter 2950, as enacted in 1996 H.B. No. 180, is civil in nature); State v. Williams (2000),88 Ohio St.3d 513 (reaffirming that principle); State v. Hayden,96 Ohio St.3d 211, 2002-Ohio-4169 (reaffirming Cook and Williams, and further holding a trial court may determine whether a defendant is a sexually oriented offender without conducting a hearing for that purpose);Wilson, supra, at syllabus (affirming that sex-offender classification proceedings under R.C. Chapter 2950 remain civil in nature); State v.Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824 (concluding R.C. Chapter 2950, as amended by 2003 S.B. No. 5, is a civil, remedial statute). See also Smith v. Doe (2003), 538 U.S. 84, 123 S.Ct. 1140 (concluding statutory schemes similar to S.B No. 5's amendment of R.C. Chapter 2950
are civil in nature).
 {¶ 14} The Supreme Court of Ohio has not yet determined whether R.C. Chapter 2950 remains a civil, regulatory scheme after S.B. 10 amended it. Although S.B. 10 altered the landscape with regard to sex offender classification, registration and notification provisions in R.C. Chapter 2950, the precedent the Ohio Supreme Court set with respect to that chapter cannot be ignored. Until the Supreme Court decides otherwise, I must conclude, as have other appellate courts in this state, that an offender's sexual offender classification under R.C. Chapter 2950, as amended by S.B. 10, is civil in nature. See Sewell v. State, 1st Dist. No. C-080503, 2009-Ohio-872; State v. King, 2d Dist. No. 08-CA-02,2008-Ohio-2594; In re Gant, 3d Dist. No. 1-08-11, 2008-Ohio-5198;State v. Sewell, 4th Dist. No. 08CA3042, 2009-Ohio-594; Montgomery v.Leffler, 6th Dist. No. H-08-011, 2008-Ohio-6397; State v.Omiecinski, 8th Dist. No. 90510, 2009-Ohio-1066; State v. Williams, 12th Dist. No. CA2008-02-029, 2008-Ohio-6195. *Page 6 
 {¶ 15} Moreover, I disagree with the majority's attempt to distinguishFurlong. Just as this court determined in Furlong that the trial court's sexual predator determination under the prior version of R.C. Chapter 2950 was a civil proceeding subject to App. R. 4(A)'s tolling provision, so, too, is the trial court's determination here under R.C. Chapter 2950, as amended by S.B. 10, that the amended provisions may be applied to Clayborn even though his crime pre-dated the statute's amendment.
 {¶ 16} In reality, my view of this case diverges from the majority opinion because we begin from a different premise. The majority apparently relies heavily on its conclusion that the trial court took no action under R.C. Chapter 2950 because defendant's classification occurred as a matter of law. By contrast, in my opinion the trial court decided an appealable issue under R.C. Chapter 2950: whether the amended provisions may be applied retroactively. As in Furlong, the trial court's decision occurred as a result of a proceeding involving statutes deemed civil in nature. As a result, Clayborn, like Furlong, is entitled to invoke the tolling provision of App. R. 4(A). Indeed, when those accountable under the sexual classification provisions of R.C. Chapter 2950 historically have been subject to the restrictions evolving from R.C. Chapter 2950's civil nature, it seems an anomaly to reverse the characterization in the single instance where a benefit accrues from the characterization.
 {¶ 17} Based on the foregoing, I conclude the trial court's decision on which version of R.C. Chapter 2950 to apply is an adverse decision that Clayborn may appeal, is civil in nature, and therefore is subject to App. R. 4(A)'s tolling provision, despite the fact the decision was rendered in conjunction with Clayborn's criminal conviction and sentencing. Cook; Williams; Wilson; Hayden; Ferguson; Furlong, supra. Because the trial court apparently failed to comply with Civ. R. 58(B) in the underlying case, I conclude this *Page 7 
court has jurisdiction in this matter under App. R. 4(A) because the time for filing a notice of appeal of the trial court's judgment was delayed.Furlong, supra; Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, syllabus. Because the majority concludes otherwise, I dissent. *Page 1