OPINION
{¶ 1} Petitioner-appellant, James Wayne Ritchie, appeals the decision of the Clermont County Court of Common Pleas to deny his petition and motion challenging his sexual offender reclassification.
 {¶ 2} Appellant pled guilty in 1989 to one count of rape and one count of gross sexual imposition and was sentenced to prison. Appellant was classified as a sexual *Page 2 
predator in 2001 and subsequently released from prison. In 2007, appellant received notification of a reclassification as a Tier III sexual offender as the result of the Ohio General Assembly's passage of Senate Bill 10 amendments to R.C. Chapter 2950, Ohio's Sex Offender Registration and Notification Act.[1]
 {¶ 3} Appellant filed a petition contesting his reclassification on specific constitutional grounds and requesting relief from community notification. See R.C. 2950.031(E); R.C. 2950.11(F)(2). The trial court held a hearing and denied appellant's challenge and request for relief. Appellant now appeals, presenting a single assignment of error for our review.
 {¶ 4} Assignment of Error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING HIS PETITION CONTESTING RECLASSIFICATION PURSUANT TO R.C. 2950.031(E) AND THE CONSTITUTIONAL CHALLENGES MADE THERETO[.]"
 {¶ 6} Under this assignment of error, appellant asserts five specific constitutional challenges to the new sexual offender law. This court's inquiry begins with the fundamental understanding that a statute enacted in Ohio is presumed to be constitutional. State v. Ferguson,120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 12.
 {¶ 7} Appellant first argues that the reclassification, and its associated requirements, constitutes a breach of contract and violation of the right to contract under the United States and Ohio Constitutions and requests specific performance of the agreement contemplated by the law in effect at the time of his plea agreement.
 {¶ 8} Both the United States and Ohio Constitutions provide that no laws shall be passed that impair the obligation of contracts. See Section 10, Article I, United States Constitution; Section 28, Article II, Ohio Constitution; see Kiser v. Coleman (1986), *Page 3 28 Ohio St.3d 259, 263 (any change in law that impairs the rights of either party, or amounts to a denial or obstruction of the rights accruing by contract, is repugnant to the Constitution).
 {¶ 9} Plea agreements are contractual in nature and subject to contract law standards. State v. Wintrow, Preble App. No. CA2003-10-021,2005-Ohio-3447, ¶ 14, citing State v. Butts (1996), 112 Ohio App.3d 683,685-86; State v. Netherland, Ross App. No. 08CA3043, 2008-Ohio-7007, ¶ 37
(if one side breaches the agreement, the other side is entitled to either rescission or specific performance of the plea agreement).
 {¶ 10} The record indicates that appellant entered a plea in 1989. No evidence was presented regarding the terms of the plea agreement. Appellant was classified as a sexual predator in 2001. We note that it does not appear that appellant appealed that classification.
 {¶ 11} The Third District Court of Appeals in State v. Paris, Auglaize App. No. 2-2000-04, 2000-Ohio-1886, rejected a contract impairment argument pertaining to the registration requirements of a former version of R.C. Chapter 2950, holding that the requirements were remedial conditions imposed upon offenders after their release from prison and not punishment, and, as such, did not affect any plea agreement previously entered into between the offender and state.
 {¶ 12} The same appellate court, while addressing the provisions of Ohio's Adam Walsh Act, stated that where the Ohio Supreme Court previously said a convicted felon had no reasonable expectation that his criminal conduct would not be subject to future legislation and had no vested rights concerning the registration requirements imposed, it was not persuaded the Ohio Supreme Court would deviate from that rationale to find a contract impairment. In re Gant, Allen App. No. 1-08-11,2008-Ohio-5198, ¶ 22-24; see, also, Slagle v. State,145 Ohio Misc. 2d 98, 2008-Ohio-593, at ¶ 60 ("the prosecution, as a member of the executive branch, could not enter into an agreement that would abrogate the right of the Ohio legislature to revise the classification scheme"); see State v. Randlett, Ross App. *Page 4 
No. 08CA3046, 2009-Ohio-112, ¶ 37.
 {¶ 13} We are persuaded by the reasoning of the above-cited cases to find that the sexual offender law in Ohio's Adam Walsh Act does not interfere with any vested contractual right and, therefore, does not violate the contract clauses of the United States and Ohio Constitutions.
 {¶ 14} Appellant next argues that his reclassification constitutes a violation of the separation of powers doctrine.
 {¶ 15} We find the current version of the law does not violate the separation of powers doctrine. State v. Williams, Warren App. No. CA2008-02-029, 2008-Ohio-6195, ¶ 99, 101 (classification of sex offenders has always been a legislative mandate, not an inherent power of the courts and the power to classify is properly expanded or limited by the legislature; application of Ohio's Adam Walsh Act does not order the courts to reopen a final judgment, but instead simply changes the classification scheme, which is not an encroachment on the power of Ohio's judicial branch [internal citations omitted]); see, alsoState v. Sewell, Ross App. No. 08CA3042, 2009-Ohio-594, ¶ 22-23;Sewell v. State, Hamilton App. No. C-080503, 2009-Ohio-872, ¶ 28-31.
 {¶ 16} Appellant next argues that the retroactive application of the law violates the prohibition on retroactive laws in the Ohio Constitution. We find this issue not well taken. See Williams at ¶ 36 (Ohio's Adam Walsh Act is remedial, and, as such, the classification and registration provisions of Ohio's Adam Walsh Act do not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution); see State v. Byers, Columbiana App. No. 07 CA 39,2008-Ohio-5051, ¶ 69 (Ohio Supreme Court held that previous offender classification is civil, not criminal in nature, and those cases are still controlling law and we are bound to follow them); seeSewell, 2009-Ohio-872 at ¶ 11-14 (purely remedial laws affecting remedy provided do not violate retroactivity clause; convicted sex offenders have no *Page 5 
reasonable settled expectations or vested rights concerning the registration obligations imposed on them).
 {¶ 17} We also reject appellant's argument that the law in Ohio's Adam Walsh Act violates the prohibition against Ex Post Facto laws in the United States Constitution. See Williams, at ¶ 72, 74-75 (rejecting argument that Ohio's Adam Walsh Act is so punitive in effect that it negates legislature's non-punitive intent; law does not promote the traditional aims of punishment of retribution and deterrence; retroactive application of classification, registration and notification provisions do not violate Ex Post Facto clause); see State v.Honey, Medina App. No. 08CA0018-M, 2008-Ohio-4943.
 {¶ 18} Appellant's final argument asserts that the reclassification constitutes multiple punishments and, therefore, is in violation of the double jeopardy clauses of the United States and Ohio Constitutions.
 {¶ 19} We find this argument not well taken as the sexual offender classification law is not a criminal, punitive statutory scheme and does not constitute punishment for purposes of the double jeopardy clauses. See Williams at ¶ 107-111; Sewell, 2009-Ohio-872 at ¶ 16-27; State v.Byers, Columbiana App. No. 07 CO 30, 2008-Ohio-5051, ¶ 100-103.
 {¶ 20} Accordingly, appellant's single assignment of error is overruled.
 {¶ 21} Judgment affirmed.
BRESSLER, P.J., and WALSH, J., concur.
[1] When applicable, we will use the phrase, "Ohio's Adam Walsh Act," when referring to the Sex Offender Registration and Notification Act as amended by Senate Bill 10. *Page 1