[Cite as *State v. Netherland*, 2011-Ohio-5536.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 11CA3208 |
| v. | : | |
| | : | DECISION AND |
| David Netherland, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed:  October 26, 2011 |

_____

APPEARANCES:

David Netherland, Chillicothe Correctional Institution, Chillicothe, Ohio,
*pro se* Appellant

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Ross
County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}** David Netherland appeals the trial court's denial of his "Motion to Tax

Expenses of Defendant-Petitioner Netherland as Prevailing Party to be Paid by Plaintiff-

Respondent."  Netherland contends that the trial court should have awarded him various

"litigation expenses" as costs.  Because Netherland cannot (1) provide statutory

authority for the costs he seeks to recover or (2) demonstrate that the trial court's denial

of his motion was an abuse of discretion, we disagree.  Accordingly, we affirm the

judgment of the trial court.

I.

**{¶2}** In December 1997, Netherland was convicted of one count of rape and one

count of sexual battery.  The trial court classified him as a "sexually oriented offender"

under the sex-offender-classification scheme that was in effect at the time. In December 2007, Netherland received a NOTICE OF NEW CLASSIFICATION AND REGISTRATION DUTIES from the Office of the Ohio Attorney General. The notice stated that he would be reclassified as a Tier III sex offender pursuant to SB 10. Under the new classification, Netherland was subject to registration every ninety days for the remainder of his life and to the community notification provisions of Section 2950.11.

**{¶3}**        Netherland then filed a petition to challenge his new classification in the Ross County Court of Common Pleas. The trial court denied his petition, and we affirmed the trial court's decision in *State v. Netherland*, Ross App. No. 08CA3043, 2008-Ohio-7007 (hereinafter "*Netherland I*").

**{¶4}**        Eventually, the Supreme Court of Ohio reversed our decision. See *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424; *In re Sexual-Offender Reclassification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, at ¶¶15, 16. As a result, the trial court reinstated Netherland's original sex-offender classification.

**{¶5}**        After the reinstatement of his original classification, Netherland filed a "Motion to Tax Expenses of Defendant-Petitioner Netherland as Prevailing Party to Be Paid By Plaintiff-Respondent." In his motion, Netherland sought to recover various "litigation expenses" under R.C. 2323.51, Civ.R. 11, and Civ.R. 54(D). The trial court denied Netherland's motion.

**{¶6}**        Netherland appeals and asserts the following assignment of error: I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO TAX NECESSARY

LITIGATION EXPENSES AS COSTS FOLLOWING THE ENTRY OF THE SUPREME COURT OF OHIO IN HIS FAVOR."

II.

**{¶7}** In his sole assignment of error, Netherland claims that the trial court erred when it denied his motion to tax necessary litigation expenses as costs in his favor.

**{¶8}** Initially, we note that, in his "Statement of the Facts and Case," Netherland asserts that he "seeks litigation expenses under Civ.R. 54(D), R.C. §2323.51, and Civ.R. 11." Appellant's Brief at 2. In his "Law and Argument" section, however, Netherland argues only that he is entitled to recover costs under Civ.R. 54(D). He provides no argument or authority demonstrating that he is entitled to recover the expenses under either R.C. 2323.51 or Civ.R. 11. An appellant's brief must include "[a]n *argument* containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7) (emphasis added). Because Netherland's brief does not contain any argument that he is entitled to relief under either R.C. 2323.51 or Civ.R. 11, we will not consider his cursory assertion that R.C. 2323.51 and Civ.R. 11 allow him to recover his litigation expenses. Accordingly, we examine only whether Netherland can recover his litigation expenses under Civ.R. 54(D).

**{¶9}** Civ.R. 54(D) provides: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

{¶10}     Netherland argues that, because the Supreme Court of Ohio ultimately ruled in his favor in *Netherland I*, he is the prevailing party in his challenge to his sex offender reclassification.  Thus, according to Netherland, the trial court erred when it denied his motion seeking to recover various litigation expenses as costs.

{¶11}     Civ.R. 54(D) "gives the trial court broad discretion to assess costs, and the court's ruling will not be reversed absent an abuse of that discretion."  *Keaton v. Pike Community Hosp.* (1997), 124 Ohio App.3d 153, 156, citing *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555, 1992-Ohio-24; *Gnepper v. Beegle* (1992), 84 Ohio App.3d 259, 263.  An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶12}     The Supreme Court of Ohio's "interpretation of Civ.R. 54(D) is that the phrase 'unless the court otherwise directs' grants the [trial] court discretion to order that the prevailing party bear all or part of his or her own costs."  *Vance* at 555.  "To be taxable as a cost under Civ.R. 54(D), an expense must be grounded in statute: 'Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. * * * They are allowed only by authority of statute.'"  *Keaton* at 156, quoting *Vance* at 555 (citations and internal quotation marks omitted).

{¶13}     Netherland seeks to recover the following litigation expenses: "1. Court costs in court of common pleas, $125.00; 2. Court costs in the court of appeals, $160.00; 3. Court costs in the Supreme Court, $40.00; 4. Paralegal expenses for all three judicial

levels, $500.00; [and] 5. Copy, postage, and stationery supplies, total of $125.00[.]" Appellant's Brief at 7.

**{¶14}** Netherland admits that "some of [his] expenses, under other circumstances, may not be appropriate as costs[.]" Appellant's Brief at 7. He argues, however, that because "the Attorney General of Ohio and the Prosecuting Attorney for Ross County, Ohio, have neglected their respective responsibility, indeed, their sworn duty to guard against encroachment from the legislative branch of government, Appellant should be awarded his expenses as costs." Id. at 7-8.

**{¶15}** Netherland provides no statutory basis demonstrating that he can recover any of his enumerated litigation expenses under Civ.R. 54(D). Paralegal expenses are not recoverable as costs under Civ.R. 54(D). See *Abetew v. Denu*, Franklin App. No. 01AP-87, 2002-Ohio-628; *Vassil v. Able Fence & Guard Rail, Inc.* (1992), 81 Ohio App.3d 533, 544. Also, photocopying and postage are not recoverable under Civ.R. 54(D). See *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86 Ohio App.3d 258, 267. And Netherland provides no authority to show that stationery is a recoverable cost under Civ.R. 54(D). Additionally, Netherland provides no information about what constituted his litigation expenses in the court of common pleas, court of appeals, and the Supreme Court of Ohio. Moreover, Netherland provides no authority to support his assertion that these expenses are recoverable under Civ.R. 54(D).

**{¶16}** Finally, even assuming that there is statutory authority to support recovery of any of Netherland's "litigation expenses" under Civ.R. 54(D), Netherland has not shown that the trial court abused its discretion in denying his motion. As stated above, the Supreme Court of Ohio has made clear "that the phrase 'unless the court otherwise

directs' grants the [trial] court discretion to order that the prevailing party bear all or part of his or her own costs." *Vance* at 555.

{¶17}    Netherland's claim that the Attorney General and the county prosecutor neglected their duties to guard against encroachment by the legislature is insufficient to show that the trial court's denial of his motion was unreasonable, arbitrary, or unconscionable.  Thus, the trial court did not abuse its discretion when it denied Netherland's motion.

{¶18}    Accordingly, we overrule Netherland's assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.   Exceptions.

Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.

For the Court

BY:_____
        Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**