DECISION AND JUDGMENT ENTRY
{¶ 1} Stephen L. Green appeals the sentencing judgment of the Lawrence County Common Pleas Court, requiring him to forfeit $806 in cash and his vehicle. On appeal, Green contends that the forfeiture of the $806 in cash was not a part of his sentencing because, unlike the forfeiture of his vehicle, it was never mentioned at his sentencing hearing or otherwise raised in the trial court pursuant to R.C. 2981.04. Because the State agrees with Green, and because the record of the sentencing hearing and other proceedings in the trial court shows that the forfeiture of the cash was never raised or discussed until the State inserted it into the sentencing entry, we agree. Green next contends that, even though he agreed as part of the plea agreement to forfeit his vehicle, the trial court violated Chapter 2981 of the Revised Code when it approved the forfeiture. *Page 2 
Because the trial court approved and carried out the plea agreement, including imposing the jointly recommended sentence, we disagree and find that, pursuant to R.C. 2953.08(D)(1), Green cannot appeal his sentence. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court.
 I. {¶ 2} After a Lawrence County Grand Jury indicted Green for various drug offenses, he and the State entered into a plea agreement. The agreement included (1) a jointly recommended sentence and (2) Green forfeiting his vehicle.
 {¶ 3} The court approved and carried out the plea agreement at the sentencing hearing and imposed the jointly recommended sentence. Green received the following prison terms: (1) eight-years, along with a $10,000 mandatory fine, for possession of crack cocaine in violation of R.C. 2925.11(A)(C)(4)(e), a felony of the first degree; (2) eight-years, along with a $10,000 mandatory fine, for trafficking in crack cocaine in R.C. 2925.03(A)(2)(C)(4)(f), a felony of the first degree; (3) eight-years, along with a $7,500 mandatory fine, for possession of powder cocaine in violation of R.C. 2925.11(A)(C)(4)(d), a felony of the second degree; (4) eight-years, along with a $7,500 mandatory fine, for trafficking in powder cocaine in violation of R.C.2925.03(A)(2)(C)(4)(e), a felony of the first degree; and (5) 12-months for possession of criminal tools in violation of R.C.2923.24(A)(B)(3)(c), a felony of the fifth degree. The court ran the five prison terms concurrent to each other and concurrent to another case. Further, the court ordered Green to forfeit his 1998 Chevrolet Tahoe to the Ironton Police Department. *Page 3 
 {¶ 4} The court asked the State to prepare the written sentencing entry.
When the State prepared the entry and submitted it to the court, it reflected what occurred at the sentencing hearing. In addition, the State's prepared entry included the following language, "It is further Ordered that the $806.00 cash as confiscated from Defendant at the time of his arrest is hereby forfeited to the Lawrence Drug Task Force Asset Forfeiture Fund." Because of this language, Green's counsel refused to approve the entry. After a discussion in chambers with counsel, the trial court signed the entry without the approval of Green's counsel.
 {¶ 5} Green appeals the forfeiture (of his cash and vehicle) part of his sentence and asserts the following two assignments of error: I. "The Court erred in ordering the forfeiture of monies confiscated from the appellant upon his arrest, when the court failed to abide by the procedures set forth in R.C. 2981.04, and denied him due process by failing to allow an opportunity to respond." And, II. "The Court erred in permitting the forfeiture of the appellant's vehicle, even though agreed upon, when the court failed to make the necessary inquiries and findings pursuant to R.C. 2981.01 et seq., thereby denying the appellant of his due process rights."
 II. {¶ 6} The crux of Green's contention in his first assignment of error is that the forfeiture of the $806 in cash, found on him at the time of his arrest, was not a part of his sentencing because, unlike the forfeiture of his vehicle, it was never mentioned at his sentencing hearing or otherwise raised in the trial court. Green *Page 4 
asserts that the taking of this cash, without the State ever raising the issue, violates R.C. 2981.04.
 {¶ 7} We undertake a de novo review to answer this legal question. See, e.g., Yazdani-lsfehani v. Yazdani-lsfehani, 170 Ohio App.3d 1,2006-Ohio-7105, ¶ 20.
 {¶ 8} R.C. 2981.04(A)(1) requires the State to insert a forfeiture of property specification in "the complaint, indictment, or information charging the offense[.]" R.C. 2981.04(A)(1)(b) requires the State to describe the property in the specification.
 {¶ 9} Here, the State did not include a specification in the indictment.
 {¶ 10} However, R.C. 2981.04(A)(2) states, "If any property is not reasonably foreseen to be subject to forfeiture at the time of filing the indictment, information, or complaint, the trier of fact still may return a verdict of forfeiture concerning that property in the hearing described in division (B) of this section if the prosecutor, upon discovering the property to be subject to forfeiture, gave prompt notice of this fact to the alleged offender or delinquent child under Criminal Rule 7(E)[.]"
 {¶ 11} Here, the State admits that it did not comply with Crim.R. 7(E) regarding the cash because it agrees with Green that the $806 was not mentioned at the sentencing hearing or otherwise raised in the trial court. It further admits that it prepared a sentencing entry and inserted forfeiture language involving the $806.
 {¶ 12} Therefore, because the State did not insert a specification in the indictment or otherwise notify Green pursuant to Crim.R. 7(E) that it was seeking *Page 5 
the forfeiture of the $806 in cash, we find that the trial court erred when it signed the sentencing entry prepared by the State that required Green to forfeit the cash. The transcript of the sentencing hearing corroborates both Green's and the State's assertion that the forfeiture of the cash was not part of the plea agreement or Green's sentence.
 {¶ 13} Accordingly, we sustain Green's first assignment of error.
 III. {¶ 14} Green contends in his second assignment of error that, even though he agreed as part of his plea agreement to forfeit his vehicle, the trial court violated Chapter 2981 of the Revised Code when it approved the forfeiture.
 {¶ 15} In his first assignment of error, Green maintained that the forfeiture of the $806 in cash was not part of his sentence. We agreed. Here, in his second assignment of error, he agrees that the forfeiture of the vehicle was part of his sentence. Thus, we must first determine if Green can appeal his sentence.
 {¶ 16} R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 17} Here, the State and Green entered into a plea agreement. The trial court imposed the joint recommended sentence of the parties. The concurrent four eight-year prison terms, along with the concurrent one-year prison term, was authorized by law. Green agrees that, as part of the plea agreement, he agreed *Page 6 
to forfeit his vehicle, which is also authorized by law. Therefore, we find that Green's sentence is not subject to review by this court.
 {¶ 18} Even if we did review Green's sentence, we would find that Green invited any error that the court committed. A party may not take advantage of an error that he invited or induced. State v. Davis,116 Ohio St.3d 404, 2008-Ohio-2, ¶ 95, citing Hal Artz Lincoln-Mercury,Inc. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus. Here, Green, along with the State, asked the court to approve and carry out the plea agreement. The court did so. Therefore, Green invited any error that occurred regarding the forfeiture of his vehicle.
 {¶ 19} Accordingly, we overrule Green's second assignment of error and affirm, in part, and reverse, in part, the judgment of the trial court.
 JUDGMENT AFFIRMED IN PART, AND REVERSED IN PART. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, and REVERSED IN PART, and Appellant and Appellee shall equally pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1