OPINION
{¶ 1} The State of Ohio appeals the re-sentencing judgment of the trial court, which reduced James E. Downing's prison time for rape and gross sexual imposition. The court granted Downing's motion to re-sentence because it had failed to personally inform him about post-release control. On appeal, the State contends that the trial court erred when it granted Downing's motion to re-sentence because the prosecutor informed Downing that he was subject to post-release control and the guilty plea form *Page 2 
indicated the same. Because we interpret State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, and R.C. 2929.19 to require the trial court (not the prosecutor or a written document) to notify a defendant at the sentencing hearing about post-release control, we disagree. The State next contends that the trial court did not have the authority at the re-sentencing hearing to reduce Downing's original prison sentence because Downing's original sentence was voidable, not void. Because, pursuant to Jordan, we find that the original sentence was void, we disagree. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} In 2004, a grand jury indicted Downing on one count of rape, a felony of the first degree, three counts of gross sexual imposition, felonies of the third degree, and two counts of disseminating matter harmful to juveniles, felonies of the fourth degree. Downing entered an Alford plea to the count of rape and one count of gross sexual imposition. The State agreed to dismiss the other counts. The plea form indicated that Downing "may" be subject to five years of post-release control. The trial court did not personally advise Downing about post-release control, but the judgment entry noted that Downing would be subject to post-release control. The court sentenced Downing to three years of imprisonment on Count 4 and five years of imprisonment on Count 1. The court ordered the two sentences to run consecutively, for a total of eight years.
 {¶ 3} Downing filed a motion for re-sentencing, pursuant to State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, because the court did not personally inform him about post-release control. The trial court granted Downing's motion and re-sentenced him. This time it properly informed Downing about post-release control. In addition, the court reduced Downing's sentence. It sentenced him to prison for three years on the rape *Page 3 
count and for four years on the gross sexual imposition count. It ordered the sentences to run concurrently, for a total of four years.
 {¶ 4} The State appeals the trial court's judgment and asserts the following assignment of error:
 THE TRIAL COURT HAD NO AUTHORITY TO RECONSIDER THE LENGTHS OF DEFENDANT'S VALID PRISON TERMS.
 {¶ 5} The State contends in its sole assignment of error that the trial court had no authority at the re-sentencing hearing to reconsider the length of Downing's prison terms, but only had the authority to inform him about post-release control.
 {¶ 6} We undertake a de novo review to answer this legal question. See, e.g., Stuller v. Price, Franklin App. No. 03AP-30, 2003-Ohio-6826, ¶ 14;State v. Green, Lawrence App. No. 07CA33, 2008-Ohio-2284, ¶ 7.
 {¶ 7} In Jordan, supra, the trial court failed to notify the defendant about post-release control at the sentencing hearing, but included it in the sentencing entry. The Supreme Court of Ohio held in the syllabus that:
 1. When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.
 2. When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.
 {¶ 8} Here, the State agrees that the trial court failed to inform Downing about post-release control at his original sentencing hearing. However, the State asserts that *Page 4 
Downing had proper notification of post-release control because the prosecutor informed Downing that he was subject to post-release control and the guilty plea form indicated the same. Because the plain words ofJordan and R.C. 2929.19 require the trial court (not the prosecutor or a written document) to notify a defendant at the sentencing hearing about post-release control, we disagree with the State.
 {¶ 9} The State claims that, even if the trial court erred at the original sentencing hearing, it only had the authority at the re-sentencing hearing to properly notify Downing about post-release control. The State maintains that the court did not have the authority to reduce Downing's prison terms because the original sentence was voidable, not void.
 {¶ 10} However, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Bezak, supra, at syllabus. "`The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' (Citations omitted.)" Id. at ¶ 12, quoting Romito v. Maxwell (1967), 10 Ohio St.2d 266, 267-268.
 {¶ 11} This court examined the difference between void and voidable inState v. Peeks, Franklin App. No. 05AP-1370, 2006-Ohio-6256, ¶ 10. InPeeks, this court stated:
 A void judgment is one rendered by a court lacking subject-matter jurisdiction or the authority to act. * * * A voidable judgment, on the other hand, is a judgment rendered by a court having jurisdiction/authority and, although seemingly valid, is irregular and erroneous. * * *
We distinguished Jordan, finding that the trial court in Jordan
disregarded a statutory requirement in its sentencing and thereby acted outside its authority, which resulted in a *Page 5 
void sentence. The same is true here, because the trial court disregarded the statutory requirement to inform Downing regarding post-release control. Further, we reached the same result in State v.Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429.
 {¶ 12} Nevertheless, the State claims that the trial court should have followed R.C. 2929.191. It asserts that R.C. 2929.191 only gives the trial court the authority to issue a correction to the original judgment of sentence and does not give the court the authority to totally redo the sentence. However, the legislature enacted R.C. 2929.191 to apply in cases where the original sentencing occurred prior to the statute's effective date, July 11, 2006, and where the trial court failed to properly notify the offender of post-release control at the time of the original sentencing. As such, we find that R.C. 2929.191 does not apply here.
 {¶ 13} Therefore, because the trial court failed to notify Downing about post-release control, we find that his sentence was void. Consequently, the trial court had the authority at re-sentencing to reduce Downing's original sentence.
 {¶ 14} Accordingly, we overrule the State's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and KLATT, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1