[Cite as *State v. Weiss*, 2010-Ohio-4509.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 09CA30 |
| | : | |
| v. | : | |
| | : | **DECISION AND** |
| BENJAMIN WEISS, | : | **JUDGMENT ENTRY** |
| | : | |
| Defendant-Appellant. | : | File stamped date:  9-20-10 |

**APPEARANCES:**

T.E. Eslocker, Athens, Ohio, for Appellant.

Patrick Lang, Athens City Law Director, and Lisa Eliason, Athens City Prosecutor, Ohio, for Appellee.

Kline, J.:

**{¶1}** Benjamin Weiss appeals his misdemeanor assault conviction in the Athens County Municipal Court.  On appeal, he contends both that the State introduced insufficient evidence to sustain his conviction and that his conviction is against the manifest weight of the evidence.  However, we find that the State produced two witnesses who testified that they saw Weiss throw water balloons.  And this testimony both demonstrates that Weiss's conviction is supported by sufficient evidence and that his conviction is not against the manifest weight of the evidence.  Weiss also contends that the conduct complained of, throwing water balloons, cannot establish a conviction for criminal assault.  However, we find that the relevant assault statute may prohibit even this conduct.  We, therefore, affirm the judgment of the trial court.

I.

{¶2}     The facts of this case concern a party held in Athens on May 30, 2009.  The party extended throughout Mill Street, and it was therefore called Millfest.  The events relevant for this case took place at a particular apartment building located at 140 Mill Street.

{¶3}     This building was several floors in height, and each apartment unit had a balcony.  During Millfest, revelers on the balconies of this building threw water balloons.  According to the police witnesses, the revelers threw balloons at each other as well as at passersby, including passersby in automobiles and on bicycles.

{¶4}     Officers of the Athens Police Department arrested Weiss for throwing water balloons during this party.  On June 1, 2009, Lieutenant John Withers of the Athens Police Department filed a complaint that alleged Weiss had violated the city ordinance that prohibited assault.  The case was tried to the court on July 21, 2009.

{¶5}     At trial, Withers and Lieutenant Richard Russell, an officer with the Ohio University Police Department, both testified for the State.  Both Withers and Russell testified that they saw Weiss throwing water balloons, and they also testified that there were only two individuals arrested that evening for throwing water balloons.  Both arrestees were wearing bright orange shirts.  Notwithstanding the large number of individuals throwing water balloons, these were the only two individuals arrested.

{¶6}     Ohio University Police Department Chief Andrew Powers testified that he saw an individual wearing an orange shirt throw a water balloon that hit a woman on the street below.  Powers was unable to identify Weiss as the thrower of this water balloon.  And both Withers and Russell had testified that they did not see Weiss actually hit

anyone with a water balloon. Though Russell did testify that every water balloon Weiss threw was directed at a person.

**{¶7}** After the State rested, Weiss called four witnesses: Janna Schleich, Adam Caven, Scott Dombos, and Joseph Stark. These witnesses generally testified that they did not see Weiss throw any water balloons, and they believed that, had Weiss thrown water balloons, they would have seen it. Each of them admitted on cross-examination that it was possible Weiss could have thrown water balloons without them seeing it. Several of these witnesses noted that Weiss had a cast on his foot at the time of the incident, either for a broken ankle or a broken foot.

**{¶8}** Weiss took the stand and testified that he did not throw water balloons during Millfest. The trial court nonetheless found the defendant guilty and sentenced him to pay a fine of $100 in costs and to serve 10 days in the Southeastern Ohio Regional Jail, suspended upon the condition that Weiss not break the law for a one year period. Weiss appeals from this sentence and assigns the following errors for our review: I. "THE TRIAL COURT ERRED WHEN IT DETERMINED APPELLANT WAS GUILTY OF ASSAULT BECAUSE THE PROSECUTION'S EVIDENCE WAS INSUFFICIENT TO ESTABLISH APPELLANT'S GUILT BEYOND A REASONABLE DOUBT." II. "THE TRIAL COURT ERRED WHEN IT DETERMINED APPELLANT WAS GUILTY OF ASSAULT BECAUSE THE PROSECUTION FAILED TO PROVE ALL ELEMENTS OF ASSAULT BEYOND A REASONABLE DOUBT."

II.

**{¶9}** Weiss first contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. When reviewing a case to determine whether the record

contains sufficient evidence to support a criminal conviction, our function "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.  See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 319.

{¶10}     This test raises a question of law and does not allow the court to weigh the evidence.  *State v. Martin* (1983), 20 Ohio App.3d 172, 175.  Rather, this test "gives full play to the responsibility of the trier of fact * * * to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Jackson* at 319.  Accordingly, the weight given to the evidence and the credibility of witnesses are issues for the trier of fact.  *State v. Thomas* (1982), 70 Ohio St.2d 79, 79-80; *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.

{¶11}     The trial court convicted Weiss of violating Athens City Code 13.02.01(A). This provision is identical to R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]"  For his first assignment of error, Weiss contends that the threshold question is "whether the evidence proved [Weiss] threw water balloons by proof beyond a reasonable doubt." Weiss's Brief at 5.  We agree.  The relevant part of the statute for this case is the portion that prohibits any person from attempting to cause physical harm.  Therefore, the State need not prove Weiss actually caused physical harm to another in order to

prove a violation of Athens City Code 13.02.01(A).  The State has met its burden if it can show that Weiss knowingly attempted to cause physical harm to another.

**{¶12}**     Here, after viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime of assault proven beyond a reasonable doubt.  Both Withers and Russell testified that they personally observed Weiss throwing water balloons.  Trial Transcript at 11-12, 27.  When we review a conviction to determine whether the evidence is sufficient, we do not weigh the evidence or reconsider the credibility of the witnesses.  *Thomas* at 79-80.  As such, the definite testimony of two witnesses that they observed Weiss throwing water balloons is sufficient for any reasonable trier of fact to conclude that Weiss was in fact throwing water balloons.  In addition, Russell testified that every water balloon Weiss threw was directed at a person.

**{¶13}**     We do not agree with Weiss that the testimony of the officers in the present case is hopelessly inconsistent, and even if we did find the officer's testimony inconsistent on some issues, nonetheless the trier of fact is free to "believe all, part, or none of the testimony presented by any * * * witnesses."  *State v. Sebastian*, Highland App. No. 08CA19, 2009-Ohio-3117, at ¶43, citing *State v. Parish*, Washington App. Nos. 05CA14 & 05CA15, 2005-Ohio-7109, at ¶15 (other citations omitted).

**{¶14}**     Accordingly, we overrule Weiss's insufficient evidence argument.

III.

**{¶15}**     In his brief, Weiss also mentions a manifest weight of the evidence argument. Weiss's Brief at 4.  Weiss failed to include this argument in his assignment of error, and

he fails to separately consider this argument.  Nonetheless, we will briefly address this potential argument.

**{¶16}**     When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."  *State v. Eskridge* (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.  See, also, *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502, at ¶41.  We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted."  *Smith* at ¶41, citing *State v. Garrow* (1995), 103 Ohio App.3d 368, 370-71; *State v. Martin* (1983), 20 Ohio App.3d 172, 175.  "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175 (citations omitted).

**{¶17}**     "Even in our role as thirteenth juror we are constrained by the rule that the weight to be given evidence and the credibility to be afforded testimony are normally issues to be determined by the trier of fact. * * * The fact finder 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' * * * Thus, we will only interfere if the fact finder clearly lost its way and created a manifest miscarriage of

justice." *State v. Davis*, Washington App. No. 09CA28, 2010-Ohio-555, at ¶13 (citations within quote omitted).

**{¶18}** Here we cannot say that the lower court clearly lost its way in crediting the direct testimony of two law enforcement officers who testified that they saw Weiss throw water balloons and with Russell adding that every water balloon Weiss threw was directed at a person. Weiss offered some reasons to prefer his account over the officers' accounts, but this falls short of demonstrating this is an exceptional case in which the evidence weighs heavily against conviction. We therefore find that the State introduced substantial evidence to support the conclusion that Weiss threw water balloons directed at a person and reject any manifest weight of the evidence argument.

**{¶19}** Accordingly, we overrule Weiss's first assignment of error.

IV.

**{¶20}** For his second assignment of error, Weiss contends that throwing water balloons is insufficient to sustain a conviction for assault under Athens City Code 13.02.01(A). Again, this statute makes it a crime for any person to "knowingly cause or attempt to cause physical harm to another[.]" Athens City Code 13.02.01(A). And as noted above, this provision is identical to R.C. 2903.13(A).

**{¶21}** Weiss raises an issue that involves the interpretation of "physical harm" as it relates to Athens City Code 13.02.01(A) and R.C. 2903.13(A). Hence, Weiss's arguments are legal questions that we review de novo. See, e.g., *State v. Mollohan,* Washington App. No. 09CA3, 2009-Ohio-5133, at ¶6; *State v. Day,* Adams App. Nos. 08CA865 & 08CA866, 2009-Ohio-3755, at ¶26; *State v. Downing,* Franklin App. No. 08AP48, 2008-Ohio-4463, at ¶6, citing *Stuller v. Price,* Franklin App. No. 03AP-30,

2003-Ohio-6826, at ¶14; *State v. Green,* Lawrence App. No. 07CA33, 2008-Ohio-2284, at ¶7.

**{¶22}** The crux of the matter is the requirement of physical harm. Weiss contends that throwing water balloons could not reasonably result in physical harm.

**{¶23}** R.C. 2901.01(A)(3) states that "[p]hysical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration."

**{¶24}** R.C. 2903.13(A) was enacted to prohibit "simple assault and simple battery in the traditional sense." R.C. 2903.13(A), Legislative Service Commission Note. "While a battery is often described as the inflicting of 'bodily harm' or 'injury,' any unlawful touching of the person of another constitutes a battery even [though] no physical injury is inflicted thereby." 1 Anderson, Wharton's Criminal Law and Procedure (1957) 687, Section 339 (footnotes omitted). Thus, under the common law, any offensive touching could constitute a battery, notwithstanding frequent use of language requiring injury or harm to be proven.

**{¶25}** "A *battery* is more than an *attempt* to do a corporal hurt to another; but any injury whatsoever, be it ever so small, being actually done to the person of a man, in an angry or revengeful, or rude or insolent manner, such as spitting in his face, or in any way touching him in anger, or violently jostling him out of the way, is a battery in the eye of the law. For the law cannot draw the line between different degrees of violence, and, therefore, totally prohibits the first and lowest stage of it; every man's person being sacred, and no other having a right to meddle with it in any the slightest manner." 1 Russell, A Treatise of Crimes and Misdemeanors (1857 8 Ed.) 751 (emphasis in original, footnotes omitted).

**{¶26}** "The slightest unlawful touching of another, especially if done in anger is sufficient to constitute a battery. For example, spitting in a man's face, or on his body, or the throwing of water upon him, is such." 2 Bishop, Commentaries on the Criminal Law (1858) 45, Section 63. "So spitting or throwing water upon another or jostling him, or even touching him in a rude, insolent, or angry manner, or driving against or riding over him, if willfully done, will be a battery." 1 McClain, A Treatise on the Criminal Law (1897) 202-03, Section 235.

**{¶27}** Ohio courts have generally followed this rule, and the cases broadly construe physical harm. See *State v. Conliff* (1978), 61 Ohio App.2d 185, 196 (Whiteside, J., Concurring) ("[T]he temporary discomfort necessarily inherent as the result of being struck on the head and shoulder by a pie is sufficient to constitute the physical harm element of R.C. 2903.13(A)."); *Columbus v. Bonner* (July 21, 1981), Franklin App. No. 81AP-161 ("[T]he present statutory crime of assault as defined by R.C. 2903.13(A) includes the common law crime of simple battery if physical harm is caused or attempted to be caused. The slightest physical harm is sufficient[, and] defendant pulled the strap from around the neck of the victim causing such temporary discomfort which constitutes the physical harm element of the crime of assault."). See, also, *State v. Hustead* (1992), 83 Ohio App.3d 809, 811-12. But, see, *State v. Bailey* (1992), 83 Ohio App.3d 544, 547 (spitting insufficient to establish assault, absent some evidence that "the sputum had any potential for bacterial or viral physical harm to the officers").

**{¶28}** Therefore, we find that a person struck with a water balloon may satisfy the physical harm requirement of R.C. 2903.13(A) and, by extension, Athens City Code 13.02.01(A).

**{¶29}** Accordingly, we overrule Weiss's second assignment of error. We note that if Weiss had thrown balloons solely at other revelers he may have a defense of implied consent, but Weiss did not raise this issue at trial. See *State v. Driscoll* (1922), 106 Ohio St. 33, 40 (stating that "consent would be a complete defense to the included offenses of assault and battery and assault").

V.

**{¶30}** Having overruled both of Weiss's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

McFarland, P.J. dissenting:

**{¶31}** I respectfully dissent. The relevant portions of Athens City Code and the Ohio Revised Code in defining an assault or attempted assault requires the actor to "_knowingly_ cause or attempt to cause physical harm _to another_." See R.C. 2903.13(A), Emphasis added. Accordingly, there must be a victim who testified as to physical harm, even if it was slight, and there was none here. Also, because the crime of attempted assault is a specific intent crime there must be proof beyond a reasonable doubt that this Defendant acted with the specific intent to cause harm to a person. In my view, the record demonstrates a lack of this evidence. Clearly, there was evidence to sustain a conviction for disorderly conduct by this Defendant, however, the same evidence is insufficient as to an attempted assault. As such, I dissent.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Dissents with Dissenting Opinion.

For the Court

BY:  _____
Roger L.  Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**