[Cite as *In re S.K.H.*, 2013-Ohio-2863.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | |
| S.K.H. | : | CASE NO.  CA2012-10-020 |
| | : | O P I N I O N<br>7/1/2013 |
| | : | |
| | : | |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20122095

Richard W. Moyer, Clinton County Prosecuting Attorney, Susan H. Cohen, 103 East Main Street, Wilmington, Ohio 45177, for appellee

Holly Simpson, 6284 Taylor Pike, Blanchester, Ohio 45107, for appellant

**HENDRICKSON, P.J.**

{¶ 1}  Appellant, S.K.H., appeals from a judgment of the Clinton County Court of Common Pleas, Juvenile Division, adjudicating her a delinquent child for committing acts, which if committed by an adult, would constitute assault.

{¶ 2}  S.K.H. attended school with A.N.  On April 10, 2012, after class ended, S.K.H. waited for A.N. outside the classroom.  When A.N. exited the classroom, S.K.H. struck A.N.

and pulled her hair. The day after the altercation, A.N. went to the hospital where she was diagnosed with a mild concussion.

{¶ 3} As a result of this incident, the State of Ohio filed a complaint alleging S.K.H. was a delinquent child for an offense that would constitute an assault if committed by an adult, pursuant to R.C. 2903.13(A) and (C). Specifically, the state alleged S.K.H. caused or attempted to cause physical harm to A.N. by striking her repeatedly.

{¶ 4} A contested adjudicatory hearing was held on September 24, 2012. S.K.H., A.N., the investigating officer, Corey Pratt of the Wilmington Police Department, and S.K.H.'s mother, Barbara Wilson, all testified at this hearing. After hearing the evidence, the magistrate adjudicated S.K.H. a delinquent child as alleged in the complaint. The magistrate, without objection, proceeded to disposition. S.K.H. was placed on probation, given 10 days of house arrest, ordered to undergo a mental health assessment and follow through with all treatment recommendations, complete the STAR program, and pay court costs. On September 25, 2012, the juvenile court adopted the magistrate's decision. S.K.H. filed this appeal on October 4, 2012, raising three assignments of error for our review.

{¶ 5} As an initial matter, we note S.K.H. did not file any objections to the magistrate's decision. S.K.H.'s failure to object limits the scope of our review. Juv.R. 40(D)(3)(b)(iv) provides "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." This court has previously held that "plain error may, in exceptionally rare cases, allow for correction of an error that was not properly preserved for appellate review in the case of a juvenile adjudication." *In re Johnson*, 12th Dist. Nos. CA2000-03-041 and CA2000-05-073, 2000 WL 1818546, *2 (Dec. 11, 2000). Accordingly, our review is limited to whether the juvenile court committed plain error in its adoption of the magistrate's decision. *In re Z.C.*, 12th Dist. Nos.

- 2 -

CA2005-06-065, CA2005-06-066, CA2005-06-081, and CA2005-06-082, 2006-Ohio-1787, ¶ 19.

{¶ 6} Juvenile proceedings are civil, rather than criminal, in nature. *In re Anderson* (2001), 92 Ohio St.3d 63, 65 (2001); *In re Johnson* at *2. The Ohio Supreme Court defined plain error in the civil context as an error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116 (1997), syllabus. Because the plain error doctrine originated as a criminal law concept,

> in applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

*In re B.J.*, 12th Dist. No. CA2011-10-192, 2012-Ohio-3127, ¶ 9, quoting *Goldfuss* at 121.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN ALLOWING INADMISSIBLE HEARSAY TO ESTABLISH AN ESSENTIAL ELEMENT OF THE OFFENSE OF ASSAULT.

{¶ 9} In her first assignment of error, appellant contends the juvenile court erred in allowing A.N. to testify as to her medical diagnosis as such evidence was inadmissible hearsay.

{¶ 10} At trial, the victim, A.N. testified that the day after the altercation with S.K.H., she went to the hospital and was told she "had a minor concussion." In admitting this testimony, the court noted that it believed it was not being offered for the truth of the matter asserted. On appeal, appellant asserts it was improper for A.N. to testify as to the doctor's diagnosis because this statement was hearsay. Further, appellant argues that this was the only evidence presented by the state to establish the essential element of "physical harm."

Again, as S.K.H. failed to object to the magistrate's decision on this basis, we review for plain error.

{¶ 11} After a review of the record, we find that any error in admitting A.N.'s testimony as to her medical diagnosis would be harmless. S.K.H. was charged with assault, a misdemeanor in the first degree, a crime if committed by an adult, in violation of R.C. 2903.13(A) and (C). Pursuant to R.C. 2903.13(A), an assault is committed if the perpetrator would "knowingly cause or *attempt* to cause physical harm to another * * *." (Emphasis added.) Accordingly, the state was not required to prove actual physical harm. *See State v. Kellum*, 12th Dist. No. CA2009-03-081, 2009-Ohio-6743, ¶ 17; *State v. Weiss*, 4th Dist. No. 09CA30, 2010-Ohio-4509, ¶ 11. Rather, the mere attempt to cause physical harm would be enough to sustain the juvenile court's adjudication of S.K.H. as a delinquent child. *Id.* Both S.K.H. and A.N. testified that S.K.H. "hit" A.N. and pulled her hair. A.N. also testified that S.K.H.'s actions of hitting her caused her to fall to the ground. Such evidence is sufficient to find that S.K.H., at the very least, attempted to cause physical harm to A.N. by repeatedly striking her and pulling her hair.

{¶ 12} Moreover, R.C. 2903.13(A) does not require an actual medical diagnosis as proof of physical harm. Rather, 2901.03(A)(3) defines physical harm as "any injury, illness, or other physiological impairment, regardless of gravity or duration." *See also Kellum* at ¶ 15. A.N. testified at the hearing that as a result of her altercation with S.K.H. she sought medical treatment at the emergency room the next day. The juvenile court could have found that such testimony, without the specific diagnosis, was sufficient to support a finding of physical harm.

{¶ 13} For the foregoing reasons, appellant's first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED IN NOT ALLOWING APPELLANT TO TESTIFY

- 4 -

[AS] TO HER STATE OF MIND AT THE TIME OF THE OFFENSE.

{¶ 16} In her second assignment of error, appellant maintains that it was error for the juvenile court to not allow her to testify as to her mental state at the time of the offense. On appeal, appellant asserts that such testimony was admissible pursuant to the hearsay exception found in Evid.R. 803(3). The record reveals that the state objected on relevancy grounds when appellant's counsel questioned S.K.H. as to her mental state at the time of the offense and her "ability to process anxiety." The juvenile court sustained the objection, finding that this testimony would be more appropriate in the dispositional phase of the case, "if we get to disposition."

{¶ 17} Upon a review of the record, we find that S.K.H.'s counsel attempted to elicit testimony regarding her mental state at the time of the incident as a means to establish a "diminished capacity" defense. In arguing for the admission of this testimony, counsel stated: "Your Honor, it goes to her mental state. The defense is offering in – a defense of diminished capacity as a factor to be considered in this delinquency determination and things that would bear on her sanity and her judgment-making ability would certainly be probative on the issues since this is a specific intent crime." However, such testimony would have been inappropriate as the partial defense of diminished capacity is not recognized in Ohio. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, ¶ 66. It is well-settled that a defendant may not offer testimony in an effort to show that they lacked the mental capacity to form the specific mental state required for a particular crime. *Id.* at ¶ 67, citing *State v. Cooey,* 46 Ohio St.3d 20, 26 (1989).

{¶ 18} Moreover, contrary to S.K.H.'s arguments, her testimony cannot be classified as hearsay. It therefore could not be admitted under the hearsay exception found in Evid.R. 803(3). Hearsay is defined as an out of court statement used to prove the truth of the matter asserted. Evid.R. 801(C). Here, S.K.H. merely attempted to provide testimony regarding her

feelings and mental state at the time of the incident. She was not testifying regarding a *statement* she had previously made regarding her then-existing mental condition. For these reasons, the juvenile court did not commit error, plain or otherwise, in refusing to admit testimony of S.K.H.'s mental state at the time of the offense.

{¶ 19} Assignment of Error No. 3:

{¶ 20} APPELLANT'S COUNSEL WAS INEFFECTIVE THUS VIOLATING HER SIXTH AMENDMENT RIGHT TO COUNSEL AND HER SIXTH AMENDMENT RIGHT TO COMPULSORY PROCESS.

{¶ 21} In her third and final assignment of error, S.K.H. contends her trial counsel was ineffective and therefore violated her Sixth Amendment rights by failing to present the testimony of a material witness, T.N. According to appellant, a subpoena duces tecum was served upon the mother of T.N., however, neither T.N. nor her mother were present at the hearing. Appellant contends that trial counsel's failure to request a continuance to secure the presence of this witness and counsel's failure to proffer the anticipated testimony of T.N., amounted to ineffective assistance of counsel.

{¶ 22} Before reaching the merits of this assignment of error, we note that Juv.R. 40(D) contemplates objections to a magistrate's findings of facts or conclusions of law, not arguments relating to ineffective assistance of counsel. *In re Z.C.*, 12th Dist. Nos. CA2005-06-065, CA2005-06-066, CA2005-06-081, and CA2005-06-082, 2006-Ohio-1787, ¶ 21, citing *In re McLemore*, 10th Dist. No. 00AP-974, 2001 WL 266947, *2 (Mar. 20, 2001). Therefore appellant's arguments in regard to her proffered claims of ineffective assistance of counsel were not waived by trial counsel's failure to raise objections at the trial court level and we will address them.

{¶ 23} To resolve appellant's claim of ineffective assistance of counsel, we must apply the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687-688, 693, 104 S.Ct. 2052

- 6 -

(1984). *In re Z.C.* at ¶ 22. In order to prevail on an ineffective assistance of counsel claim, S.K.H. must show that counsel's performance fell below an objective standard of reasonableness and that she was prejudiced as a result. *State v. Ward-Douglas*, 12th Dist. No. CA2011-05-042, ¶ 96, citing *Strickland* at 687-688, 693; *State v. Burke,* 97 Ohio St.3d 55, 2002-Ohio-5310, ¶ 6. In order to demonstrate prejudice, an appellant must establish that, but for counsel's errors, there is a reasonable probability that the result of trial would have been different; a "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Burke* at ¶ 6. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *State v. Zielinski,* 12th Dist. No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 24} Here, S.K.H has failed to point to any prejudice that she suffered as a result of her counsel's failure to call T.N. as a witness or failure to proffer T.N.'s testimony. S.K.H.'s mere conjecture that T.N.'s testimony "may have corroborated [a]ppellant's version of events" is simply insufficient to establish by a reasonable probability that the result of the trial would have been different. Moreover, even if T.N. had corroborated S.K.H.'s version of the incident, such testimony would not discount S.K.H.'s admission that she had "hit" A.N. and puller her hair. Appellant has therefore failed to make an adequate showing of prejudice under the second prong of *Strickland*. Accordingly, appellant has failed to establish that she received ineffective assistance of counsel.

{¶ 25} Appellant's third and final assignment of error is overruled.

{¶ 26} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.