[Cite as *In re B.J.*, 2019-Ohio-1062.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        | JUDGES:                        |
|------------------------|--------------------------------|
| IN THE MATTER OF:      | Hon. William B. Hoffman, P. J. |
|                        | Hon. John W. Wise, J.          |
| B.J.                   | Hon. Earle E. Wise, Jr., J.    |
|                        |                                |
| DEPENDENT CHILD        | Case No. 18 CA 106             |

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2016 DEP 00147 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 26, 2019 |

APPEARANCES:

| For Appellant Mother | For Appellee |
|---|---|
| JEFFEREY R. STIFFLER | EDITH A. GILLILAND |
| THE HECK LAW OFFICES, LTD | RCCSB |
| One Marion Avenue, Suite 215 | 731 Scholl Road |
| Mansfield, Ohio 44903 | Mansfield, Ohio 44907 |

*Wise, John, J.*

{¶1}    Appellant Angel K. appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, which granted permanent custody of her son, B.J., to Appellee Richland County Children Services ("RCCS"). The relevant procedural facts leading to this appeal are as follows.

{¶2}    On November 9, 2016, Appellee RCCS filed a complaint alleging that B.J., born in 2014, was a dependent child under R.C. 2151.04. Initial concerns included appellant-mother's mental health issues, suicidal ideations, alcohol abuse, and inadequate parenting skills, as well as certain untreated medical needs of B.J. The agency also set forth concerns about B.J.'s father, Billy J.[1]

{¶3}    Emergency shelter care was thereupon maintained by the trial court.

{¶4}    On or about February 6, 2017, B.J. was adjudicated dependent and placed in the temporary custody of RCCS by the trial court.

{¶5}    A case plan was filed and approved by the trial court on May 1, 2017.

{¶6}    SCJFS filed a motion for permanent custody on April 17, 2018. The matter proceeded to an evidentiary hearing before a magistrate on August 8, 2018.

{¶7}    On September 12, 2018, the magistrate issued a ten-page decision recommending a grant of permanent custody of B.J. to RCCS. The trial court adopted the decision on October 5, 2018.

{¶8}    However, on October 5, 2018, Billy J., B.J.'s father, filed untimely objections to the decision of the magistrate. The trial court issued a judgment entry on October 15, 2018, overruling Billy J.'s objections as not timely filed under Juv.R. 40.

---

[1]   Billy J. has separately appealed in this matter.

{¶9} Despite the court's aforesaid decision of October 15, 2018, appellant-mother on October 23, 2018 filed untimely objections to the magistrate's September 12, 2018 decision. The trial court thus issued another judgment entry on October 30, 2018, this time overruling appellant's objections as not timely filed under Juv.R. 40.

{¶10} In the meantime, on October 23, 2018, appellant filed a notice of appeal.[2] She herein raises the following three Assignments of Error:

{¶11} "I. THE MAGISTRATE'S DECISION FINDING IT WAS IN THE BEST INTEREST OF THE MINOR CHILD TO BE PLACED IN THE PERMANENT CUSTODY OF RCCSB WAS PLAIN ERROR.

{¶12} "II. THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT ACCEPTING APPELLANT'S AGREEMENT TO VOLUNTARILY TERMINATE HER PARENTAL RIGHTS AND CONSENT TO THE MINOR CHILD BEING PLACED IN THE PERMANENT CUSTODY OF RCCSB.

{¶13} "III. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HER SIXTH AND FOURTEENTH AMENDMENT RIGHTS AND HER RIGHTS UNDER THE OHIO CONSTITUTION."

I.

{¶14} In her First Assignment of Error, appellant-mother contends the trial court's determination that permanent custody to the agency was in the child's best interest constituted plain error. We disagree.

{¶15} In determining the best interest of a child for purposes of a permanent custody disposition, the trial court is required to consider all relevant factors, including,

---

[2] Appellant-mother has also appealed in two cases regarding the child's siblings.

but not limited to, the factors contained in R.C. 2151.414(D)(1). These statutory factors are as follows:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

**{¶16}** In the case *sub judice*, appellant concedes her trial counsel did not timely object to the decision of the magistrate.[3] We note Juv.R. 40(D)(3)(b)(iv) states as follows: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." To constitute plain error in a civil case, the error must be "obvious and prejudicial" and "if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." *Friedland v. Djukic*, 191 Ohio App.3d 278, 2010–Ohio–5777, ¶ 37 (8th Dist.). Plain error analysis is limited and is to be applied with the utmost caution. *State v. Tart*, 8th Dist. Cuyahoga No. 76223, 2000 WL 739518.

**{¶17}** In addition, this Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *See*, *e.g.*, *Moton v. Ford Motor Credit Co.*, 5th Dist. Richland No. 01 CA 74, 2002-Ohio-2857 (additional citations omitted). The transcript in the case *sub judice* is time-stamped October 29, 2018, and appellant concedes it was not available in time for review by the trial court, notwithstanding the tardiness of the Juv.R. 40 objection.

**{¶18}** The magistrate's decision in this instance is well-organized and detailed, and points out *inter alia* that appellant has been noncompliant with her medications despite diagnoses of schizoaffective disorder, borderline personality disorder, and PTSD. She has experienced visual and auditory hallucinations of being directed to kill herself.

---

3   Appellant's present counsel on appeal did not represent her at the trial court level.

The magistrate also found that appellant has no comprehension of the child's medical needs, and that she had difficulty understanding parenting skills being taught at her meetings. B.J has a number of behavioral problems and is speech-delayed; however, his foster parents are able to provide the required "intensely high level of supervision" for him. B.J.'s custodial history with the agency exceeded the "12 of 22" rule reiterated in R.C. 2151.414(D)(1)(c). RCCS has been unable to identify any suitable relatives for placement of the child, and the guardian ad litem prepared a written report recommending permanent custody to the agency. *See* Magistrate's Decision at 3-6; 8-9.

**{¶19}** Under our present limited analysis, we are not persuaded upon review that the grant of permanent custody of B.J., recommended by the magistrate and subsequently approved by the trial court, equates to plain error.

**{¶20}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶21}** In her Second Assignment of Error, appellant maintains the trial court committed plain error by not accepting her proposed agreement to "voluntarily terminate" her parental rights and thereby consent to permanent custody. We disagree.

**{¶22}** At the close of RCCSB's case before the magistrate, appellant stated on the record that she was "willingly giving up," essentially proposing a voluntary agreement on her part that B.J be placed into permanent custody with the agency. *See* Tr. at 134. As the magistrate subsequently memorialized in her decision, after further inquiry, "it was apparent that Mother's admission and agreement was not knowingly, freely, and voluntarily made and [the magistrate] did not accept same." Magistrate's Decision at 2.

**{¶23}** Appellant admits her present argument sounds "counterintuitive," but she urges that under Ohio's statutory scheme for permanent custody, an involuntary termination might become a detriment in future cases. *See*, *e.g.*, R.C. 2151.414(E)(11); 2151.419(A)(2)(e).

**{¶24}** We first recognize that when a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *Matter of B.O.*, 5th Dist. Richland No. 18CA64, 2019-Ohio-608, ¶ 12, citing *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 1995–Ohio–272, 654 N.E.2d 1254.

**{¶25}** Furthermore, R.C. 5103.15(B)(1) states in part as follows: "Subject to, except as provided in division (B)(2) of this section, juvenile court approval, the parents, guardian, or other persons *having custody of a child* may enter into an agreement with a public children services agency or private child placing agency surrendering the child into the permanent custody of the agency. ***." (Emphasis added).

**{¶26}** R.C. 5103.15 has no application to cases in which the child has been adjudicated neglected or dependent and is under the jurisdiction of the juvenile court. *In re D.C.H.*, 9th Dist. Summit No. 22648, 2005-Ohio-4257, ¶ 17, citing *In re Miller* (1980), 61 Ohio St.2d 184, 189, 399 N.E.2d 1262; *Kozak v. Lutheran Children's Aid Society* (1955), 164 Ohio St. 335, 341, 130 N.E.2d 796. In other words, R.C. 5103.15 is not available to a parent when a children services agency already has temporary custody of the child. *See In re A.D.C.L.*, 2nd Dist. Darke No. 2015-CA-19, 2016-Ohio-1415, ¶ 46. *Cf. In re Young,* 11th Dist. Ashtabula No. 2006-A-0025, 2006-Ohio-4537, ¶ 24.

**{¶27}** As there is no specific legislative guidance on the requirements for a voluntary surrender of parental rights in juvenile court where the child has already been adjudicated neglected or dependent (*see In re B.Y.*, 9th Dist. Wayne No. 16AP0071, 2017-Ohio-833, ¶ 10), such a decision must be left to the broad discretion of the finder of fact, with due consideration of the *child's* best interest, not the parent's. Accordingly, we find no demonstration of plain error in the trial court's rejection of appellant's mid-trial proposal to voluntarily surrender B.J. into permanent agency custody.

**{¶28}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶29}** In her Third Assignment of Error, appellant argues that she was denied effective assistance of counsel in the permanent custody proceedings. We disagree.

**{¶30}** We have recognized "ineffective assistance" claims in permanent custody appeals. *See, e.g., In re Utt Children,* 5th Dist. Stark No. 2003CA00196, 2003–Ohio–4576. Our standard of review for an ineffective assistance claim in such a situation applies the rule of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See In re Fell,* 5th Dist. Guernsey No. 05 CA 8, 2005–Ohio–5790, ¶ 11. The *Strickland* standard is also applied pursuant to *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶31}** These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; *i.e.*, whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not

the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* However, "[t]here are countless ways to provide effective assistance in any given case." *Strickland,* 466 U.S. at 689. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

**{¶32}** But even if an appellant initially shows that counsel was ineffective, he or she must then satisfy the second prong of the *Strickland* test. In other words, it is well-established that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Bradley* at 143, quoting *Strickland* at 697.

**{¶33}** As indicated *supra*, this Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *See Moton v. Ford Motor Credit Co.*, *supra*.

**{¶34}** However, Juv.R. 40(D) contemplates objections to a magistrate's findings of facts or conclusions of law, not arguments relating to ineffective assistance of trial counsel. Therefore, an appellant's arguments in regard to claims of ineffective assistance of counsel in the context of a magistrate's hearing are not waived by trial counsel's failure to raise such objections at the trial court level. *See In re S.K.H.*, 12th Dist. Clinton No. CA2012-10-020, 2013-Ohio-2863, ¶ 22 (internal citations omitted). By extension, in cases where an appellant seeks a *Strickland* review on the grounds that his or her trial counsel

failed to object under Juv.R. 40 and failed to timely obtain a transcript of the magistrate's hearing for the trial court judge to review, an appellate court may, in the interest of justice, examine the evidence presented to the magistrate via the transcript and exhibits, despite the fact that they were not available below. *See In re Oliver*, 5th Dist. Licking No. 2005-CA-40, 2005-Ohio-5792, ¶¶ 21-24.

**{¶35}** Appellant first focuses on trial counsel's failure to timely object to the magistrate's decision on the basis that appellant's proposal to voluntarily surrender B.J. to agency custody was erroneously rejected. However, in light of our analysis in the Second Assignment of Error, *supra*, we find no demonstration of prejudice in this regard under the *Strickland/Bradley* standard.

**{¶36}** Appellant secondly makes a generalized claim that her trial counsel's failure to timely object to the magistrate's decision prevented the trial court from reviewing the "best interest" criteria with the benefit of a full record of the evidence. In the interest of justice, we have reviewed the transcript and exhibits related to the magistrate's hearing of August 8, 2018, including the testimony of Early Head Start family visitor Rita Moore, Family Life Counseling social worker Anna Hairston, Family Life Counseling counselor Carol Sgambellone, Catalyst Life Services therapist Sara Bates, RCCS ongoing caseworker Jennifer Conley, GAL Melissa Tommelleo, father Billy J., and appellant herself.

**{¶37}** Clearly, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy*

*Children*, 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. Upon review, we find no basis to conclude appellant was prejudiced under *Strickland* by the lack of a timely Juv.R. 40 objection filing to the magistrate's thorough decision recommending permanent custody.

**{¶38}** Appellant's Third Assignment of Error is therefore overruled.

**{¶39}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.


JWW/d 0227